UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAY W. COOPER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-1598 (RMC) |
| ) | |
| ) | Next event:  Initial Scheduling |
| ) | Conference:  Nov. 4, 2005 |
| COUNTERPART INTERNATIONAL, ) | at 3:30 p.m. |
| ) | |
| ) | |
| Defendant. ) | |

**RULE 16.3(c) REPORT**

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, LcvR 16.3(c) and the Court's Order of September 29, 2005, the parties report as follows.

The parties conferred on October 5, 2005 and reached agreement on all of the matters listed below.

(1)  Based on the facts presently known, Defendant expects it will file a dispositive motion following the conclusion of discovery. Plaintiff has no plans to file a dispositive  motion.

(2)  The parties recommend that any motion to join additional parties or to amend the pleadings not be filed later than forty-five (45) days prior to the close of discovery.  The parties agree to revisit potential ways to limit the factual and/or legal issues in this case after discovery is completed.

(3)  The parties recommend that this matter not be assigned to a magistrate judge.

1

(4)  The parties agree that there is no realistic possibility of settling the case at this time.  The parties agree to revisit the possibility of settlement by February 1, 2006.

(5)  Counsel have conferred with their respective clients regarding the use of ADR to resolve this matter. The parties agree that the case will not benefit from the Court's ADR procedures at this time, but agree to revisit the possibility of mediation after plaintiff's deposition and the depositions of certain representatives of Defendant.  At this time, the parties expect that those depositions will be taken prior to February 1, 2006.  The parties agree that delaying mediation until after some discovery has been taken will provide both sides with a better opportunity to evaluate the strength of their respective positions and result in a more productive mediation.  Defendant does not believe that an early neutral evaluation would be helpful.  The parties agree that cost savings would result from a stay of discovery during the mediation process, especially since this case involves the need to take testimony from many overseas witnesses.

(6)  The parties agree that it is not now known whether the case can be resolved by motion.  The parties recommend that any potentially dispositive (or partially dispositive) motion be filed within 60 days following the close of discovery (see paragraph 8, below).  The parties recommend any opposition to a dispositive motion be filed within 30 days following service of the dispositive motion.  The parties recommend that any reply to an opposition be filed within 14 days following service of the opposition.

 (7)  The parties agree to exchange initial disclosures pursuant to Federal Rule of Civil procedure 26(a), by October 21, 2005.

(8)  The parties recommend a discovery deadline of  April 1, 2006.  The parties

recommend that the discovery deadline be extended if a stay of discovery is entered due to mediation for a period commensurate with the duration of such stay.

The parties recommend that no limitations on discovery should be imposed other than those of the Federal Rules of Civil Procedure and this Court's Local Rules.

(9) Neither party has identified an expert witness at this time. The parties agree any expert witnesses that may be required, will be identified at least 45 days prior to close of discovery or by leave of Court.

(10) Not applicable.

(11) The parties recommend that trial and/or discovery should not be bifurcated.

(12) The parties recommend the pre-trial conference be held no earlier than 60 days following the resolution of any dispositive motion or, if no such motion is filed, no earlier than 60 days after the close of discovery.

(13) The parties recommend the Court set the trial date at the pretrial conference.

The parties have enclosed a Proposed Order consistent with the above agreements.

**Plaintiff's Statement of the Case**: Plaintiff contends that Defendant breached his employment contract by firing him, and by failing to pay him various sums. Plaintiff also contends that Defendant took unprecedented steps during and following his termination to make it falsely appear to his professional colleagues that he was dishonest and untrustworthy, thereby invading his privacy by holding him up to a false light

**Defendant's Statement of the Case**: Defendant denies it breached the employment contract between Plaintiff and Counterpart International.  Plaintiff was terminated, for cause, in accordance with the express provisions of the contract.  Following his termination, Defendant paid Plaintiff all sums due to him in accordance with the terms of his written employment contract.

Defendant denies invading Plaintiff's privacy by holding him up to a false light.  Defendant acted consistently with agreement at all times prior, during and following Plaintiff's termination.

Respectfully submitted,

_____  _____
Patricia D. Douglass            Michael N. Petkovich
DC Bar 214916                   DC Bar No. 456010
                                Kara Ariail
                                DC Bar No. 478718

98 Interpromontory Rd.          Jackson Lewis LLP
Great Falls, VA 22066-3219      8614 Westwood Center Drive
(703) 759-3586                  Suite 950
                                Vienna, VA 22182
                                (703) 821-2189

COUNSEL FOR PLAINTIFF           COUNSEL FOR DEFENDANT

October 18, 2005