UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAY W. COOPER,            )<br>                                       )<br>    Plaintiff,                      )<br>                                       )<br>    v.                                 )<br>                                       )<br>COUNTERPART INTERNATIONAL,  )<br>                                       )<br>    Defendant.                   ) | Civil Action No. 05-1598 (RMC)<br>Next event:  Initial Scheduling<br>Conference:  Nov. 4, 2005<br>at 3:30 p.m. |

**Motion to Enforce Rule 26(a)(1) and Local Civil Rule 26.2
as to Defendant's Initial Disclosures**

Plaintiff Jay W. Cooper moves that the Court enter an Order requiring the Defendant to provide Initial Disclosures in this case that comply with Rule 26(a)(1) of the Federal Rules of Civil Procedure and LCvR 26.2.

Attached as Exhibit A to this Motion is a document received on October 24, 2005, entitled Defendant's Initial Disclosures.  Exhibit A fails to meet Defendant's initial disclosure obligations in the following respects.

1. It identifies most persons likely to have discoverable information simply by broad category ("Defendant's clients" and "employees"), rather than by name and address. (See Exhibit A, ¶¶ 7 and 8)

2. It describes the information possessed by these groups of individuals only in the broadest possible terms; each group is said simply to "have knowledge about their experience working with plaintiff."  (*Id.*)

3. Defendant's justification for these unhelpful descriptions – that "the investigation is ongoing to determine the specific" clients and

1

employees" (*id.*) is explicitly rejected as an acceptable excuse for failure to make the requisite disclosure both by Rule 26(a)(1)(E) of the Federal Rules and this Court's LCvR 26.2(a).

4. Defendant's description of documents that it may use to support its defenses is likewise a deliberately non-specific list, including such descriptions as "all documents relating to every employment decision at issue" and "all documents relating to plaintiff's performance problems."  (Exhibit A, p.3, ¶ B)

Defendant's Initial Disclosures defy the language, the purpose and certainly the spirit of the initial disclosure obligation and can be intended only to increase Plaintiff's discovery burden.

On October 29, 2005, undersigned counsel sent Defendant's counsel an email concerning the deficiencies that are the subject matter of the present motion and requested an amended disclosure.  A letter in response by Defendant's counsel offered no additional disclosure.

Accordingly, Plaintiff respectfully requests that Defendant be ordered to serve forthwith Initial Disclosures as specified in the enclosed Proposed Order.

        Respectfully submitted,

        _____
        Patricia D. Douglass
        D.C. Bar No. 214916
        98 Interpromontory Rd.
        Great Falls, VA 22066-3219
        (703) 759-3586

October 29, 2005

## Memorandum in Support of Motion
## to Enforce Rule 26(a)(1) and Local Civil Rule 26.2
## as to Defendant's Initial Disclosures

Defendant's Initial Disclosures fail to comply with the applicable rules and, in so doing, are simply designed to make Plaintiff's discovery more difficult and expensive.

**1. Defendants fails to identify particular clients and employees with discoverable information.**

Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure requires a party to provide: "the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses . . . identifying the subjects of the information." Rule26(a)(1)(E) makes clear that a party is "not excused from making its disclosures because it has not fully completed its investigation of the case." The admonition not to retreat behind an excuse of incomplete case preparation is repeated verbatim in this Court's Civil Rule 26.2(a).

Yet, while partially identifying six individuals,[1] Defendant purports to inform Plaintiff that certain unnamed "clients" and "employees" have discoverable information. The description of the "subjects of the information" by these

---

[1] Even as to five of the six persons identified by name, Defendant provides generic and largely identical descriptions of the subjects of the information known to each and declines to provide addresses and telephone numbers. Defendant simply announces that each "may be contacted only through Defendant's counsel." This, of course, is simply designed to deter Plaintiff's counsel from exercising the interview right under D.C. Rules of Professional Conduct, Rule 4.2.

3

unnamed clients and employees is similarly unhelpful – both are said simply to "have knowledge about their experience working with plaintiff." This type of non-disclosure hardly fails to accord with the purposes behind the 1993 revisions of Rule 26 that added the Initial Disclosure requirement:

> "A major purpose of the revision is to accelerate the exchange of basic information about the case and to eliminate the paper work involved in requesting such information, and the rule should be applied in a manner to achieve those objectives. "[2]

It is particularly prejudicial to Plaintiff for Defendant to have taken such an approach in this case, as Plaintiff was employed by Defendant in Central Asia, where most of Defendant's potentially relevant "clients" and "employees" most likely reside. An economical investigation of this case will require telephone interviews and trial depositions of witnesses in places such as Kazakhstan and Kyrgyzstan. Defendant's counsel cannot avail herself of proper informal discovery techniques lacking (1) the identity and contact information as to each individual and (2) a reasonably informative description of the information Defendant believes each witness has, as required by the Initial Disclosure rules.

**2. Defendant fails to identify documents with reasonable specificity.**

Rule 26(a)(1)(B) requires parties to provide "a copy of, or a description by category and location of, all documents . . . that the disclosing party may use to support its defenses." Defendant's "descriptions" of large categories of documents certainly do not further the purposes of the Initial Disclosure rule and, in fact, rob the term "description" of any substantive meaning. For example, how does it advance Plaintiff's discovery process to have Defendants state that it has

---

[2] Advisory Committee Notes to 1993 Amendments to Rule 26, Federal Rules of Civil Procedure.

4

"all documents relating to plaintiff's performance problems." Plaintiff, of course, contends that there were no such performance problems and, in order to assess Defendant's position, would like to know what documents Defendant thinks exhibit or reflect performance problems.

While conferring in preparation of the Rule 16c Report in this case, Plaintiff's counsel requested that the parties exchange documents themselves rather than descriptions of such documents. Defendant's counsel refused to agree. It is now clear why. Defendant clearly intended to provide only empty information about documents it may use in defense, thereby attempting to render the Rule's requirement of a "description" totally meaningless.

For all the foregoing reasons, Plaintiff respectfully requests that the Court issue an Order requiring Initial Disclosures by Defendant that reveal

1. the name and address of each person it contends has discoverable information that it may use to support its defenses;

2. the subjects of each identified person's information, in reasonably specific detail;

3. a list by date, type, author, recipients and subject matter of each document that it may use to support its defenses.

Plaintiff also requests that Defendant be required to reimburse Plaintiff for his attorney's fees in bringing this Motion. Such relief would be an appropriate sanction under Rule 37(b)(2) of the Federal Rules, made applicable to Initial Disclosures by this Court's LCvR 26.2(a).

5

Respectfully submitted,

_____
Patricia D. Douglass
D.C. Bar No. 214916
98 Interpromontory Rd.
Great Falls, VA 22066-3219
(703) 759-3586

October 29, 2005