UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JAY W. COOPER | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil No. 1:05-cv-01598-RMC |
| | ) | |
| COUNTERPART INTERNATIONAL | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION
TO ENFORCE RULE 26(a)(1) AND LOCAL CIVIL RULE
26.2 AS TO DEFENDANT'S INITIAL DISCLOSURES**

Defendant, Counterpart International ("Counterpart"), through its counsel, files its opposition to Plaintiff's Motion to enforce Federal Rule of Civil Procedure 26(a)(1) and Local Civil Rule 26.2 as to Defendant's initial disclosures.

I.  **Defendant's Disclosures Comply with the Rules'
    Requirement Regarding Identification of Witnesses**

Fed. R. Civ. P. 26(a)(1)(A) requires each party to disclose the identification of each individual likely to have discoverable information if the disclosing party believes it may rely on the individual in support of its claims and defenses. *See Gluck v. Ansett Australia, LTD.*, 204 F.R.D. 217 (D.C. Dist. 2001). A party is only obligated to make initial disclosures based on the information reasonably known to the party at the time of the disclosure. *See Moore's Manual: Fed. Prac and Pro.*, § 15.02[2][a][i]. The initial disclosure rules do not require a party to complete its investigation of the case prior to making its initial disclosures. *Id.* Defendant has fully complied with the requirements of 26(a)(1)(A). After a reasonable, initial

investigation, Defendant has identified all witnesses it intends to rely on in this litigation as of the date of its initial disclosures.

Defendant also disclosed the broad categories of presently unknown clients and employee representatives as potential witnesses. Based on the information reasonably known to Defendant at the time of disclosures, it expects other individuals within these two categories may be found to have relevant information as the discovery process progresses. At this time, Defendant is unaware of any witnesses it intends to rely on for purposes other than impeachment, aside from those witnesses that have been fully identified in compliance with Rule 26.[1] Defendant should not be penalized for acknowledging that additional witnesses may be discovered as the case progresses or for predicting the likely class of individuals any additional witnesses may fall within.

### II. Defendant's Disclosures Comply with the Rules' Requirement Regarding Description of Documents

Rule 26(a)(1)(B) requires each party to disclose "a copy of, or a description by category and location of, all documents… the disclosing party may use to support its claims or defenses." Defendant described several categories of documents it may use to support its claims or defenses. Defendant also disclosed where these categories of documents are located. The 1993 amendments to Rule 26 specifically state "an itemized listing of each exhibit is not required." Plaintiff's request that Defendant identifies each document "by date,

---

[1] Defendant refutes Plaintiff's suggestion that Defendant acted improperly in failing to disclose personal contact information for management-level Counterpart employees. D.C. Rule of Professional Conduct 4.2(a) prohibits a lawyer from communicating with a party known to be represented by counsel, unless the lawyer has the prior consent of the party's counsel. Subsection (c) of Rule 4.2 defines a party as "any person, including an employee of a party organization, who has the authority to bind a party organization as to the representation to which the communication relates."

type, author, recipients and subject matter of each document" is beyond the requirements of Rule 26. For these reasons, Defendant has complied fully with the requirements of Rule 26.

### III. Plaintiff and His Counsel Should Be Sanctioned Pursuant to the Inherent Authority of the Court

"[The] case law is well established that district courts have the inherent power to sanction parties for certain bad faith conduct, even when there is no particular procedural rule that affirmatively invests the court with the power to sanction." *Strag v. Board of Trustees*, 55 F.3d 943, 955 (4th Cir. 1995). There is no basis in law or fact for Plaintiff's motion. As even the title of Rule 26 reflects, there are merely "initial disclosures. The 1993 amendments to Rule 26 expressly state that the information Plaintiff is demanding is not required at this stage in the litigation. Not surprisingly, Plaintiff has asked for the exact information sought in this motion through his written discovery requests. Plaintiff issued written discovery requests to Defendant four days after the parties exchanged initial disclosures. Defendant intends to comply with the discovery requests in a timely manner and has given Plaintiff no reason to believe otherwise.

Counsel for Plaintiff has failed or refused to research Rule 26 before filing this motion or has filed this motion merely to harass Defendant. In either case, this is sanctionable conduct. Defendant respectfully requests the Court issue appropriate sanctions against Plaintiff and/or his counsel pursuant to the inherent power of the Court.

### IV. Conclusion

Based on the all the arguments herein, Defendant respectfully requests that Plaintiff's motion be dismissed in its entirety and that Plaintiff and his counsel be appropriately sanctioned pursuant to the inherent power of the Court.

November 11, 2005                               Respectfully submitted,

             **JACKSON LEWIS LLP**


             By: _____/s/_____
               Michael N. Petkovich
               (DC Bar No. 456010)
               Kara M. Ariail
               (D.C. Bar No. 46817)
               8614 Westwood Center Drive
               Suite 950
               Vienna, VA 22182
               (703) 821-2189
               **Counsel for Defendant**

**CERTIFICATE OF SERVICE**

The undersigned certifies that on November 11, 2005, a copy of *Defendant's Opposition to Plaintiff's Motion to Enforce Rule 26(a)(1) and Local Civil Rule 26.2 as to Defendant's Initial Disclosures* was served upon the following via first-class mail, postage pre-paid:

        Patricia D. Douglass
        98 Interpromontory Road
        Great Falls, Virginia 22066-3219

        _____/s/_____
        Michael N. Petkovich