UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **JAY W. COOPER,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-1598 (RMC) |
| | ) | Next event:  Initial Scheduling |
| **COUNTERPART INTERNATIONAL,** | ) | Conference:  Nov. 14, 2005 |
| | ) | at 11:15 a.m. |
| Defendant. | ) | |

**Plaintiff's Reply Memorandum In Support of
Motion to Enforce Rule 26(a)(1) and Local Civil Rule 26.2
as to Defendant's Initial Disclosures**

Defendant has misstated Rule 4.2 of the D.C. Rules of Professional Conduct as applied to this case.  Rule 4.2 does, in its paragraph (a), prohibit an attorney from communicating "about the subject of the representation with a party known to be represented by another lawyer in the matter."  But Defendant fails to discuss paragraph (b) of the Rule, which states that "[d]uring the course of representing a client, a lawyer may communicate about the subject of the representation with a nonparty employee of the opposing party without obtaining the consent of that party's lawyer" as long as he clearly discloses his identity as counsel for an opposing party.

Comments (2) and (3) to Rule 4.2, limit this freedom in a case where the employee to be contacted has "the power to bind the organization as to the particular representation to which the communication relates."   Here the other unnamed "employees" whom Defendant has refused to identify[1] surely include

---

[1] Defendant's Initial Disclosures, Exhibit A to Plaintiff's Motion to Enforce, at ¶ 8.

1

persons who have "knowledge about their experience working with Plaintiff"[2] and are not decision-makers with respect to this litigation. It is these persons whom Plaintiff wishes to interview, as Rule 4.2 clearly permits. Comment (3) makes it crystal clear that interviews are proper under Rule 4.2 even if the employees interviewed might make admissions admissible against a corporate party in the litigation:

> "The Rule does not prohibit a lawyer from communicating with employees of an organization who have the authority to bind the organization with respect to the matters underlying the representation if they do not also have authority to make binding decisions regarding the representation itself."

Defendant's failure to bring the relevant sections of Rule 4.2 and its comments to this Court's attention is an additional reason for imposing sanctions against it.

        Respectfully submitted,

        _____
        Patricia D. Douglass
        D.C. Bar No. 214916
        98 Interpromontory Rd.
        Great Falls, VA 22066-3219
        (703) 759-3586

November 11, 2005

---

[2] *Id.*