United States District Court
For the District of Columbia

| | | |
|---|---|---|
| **Jay W. Cooper** | ) | |
| 2431 Pinebrook Circle | ) | |
| Medford, Oregon 97504, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| | ) | |
| v. | ) | Civ. No. 05-1598 (RMC/JMF) |
| | ) | Next Event:  Status Conference July |
| | ) | 12, 2006, 10:15 a.m. |
| **Counterpart International** | ) | |
| 1200 Eighteenth St., N.W. | ) | |
| Suite 1100 | ) | |
| Washington, D.C. 20036. | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT FOR DAMAGES**
**(BREACH OF CONTRACT and FALSE LIGHT INVASION OF PRIVACY)**

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, Plaintiff Jay Cooper, through undersigned counsel, moves for leave to file an Amended Complaint in this action.  Pursuant to LCvR 15.1, a copy of the proposed First Amended Complaint is attached to this Motion.

This case involves the termination of a contract of employment which Plaintiff claims was in breach of the contract's terms.  The only amendments to Plaintiff's original complaint are (1) the addition of a new paragraph 15, and (2) language consistent with the new paragraph 15 added to paragraphs 21 through 23.  New paragraph 15 simply makes explicit what has always been implicit in Plaintiff's complaint:  that to the extent Defendant is relying on a determination that Cooper did not perform his duties to

Counterpart's satisfaction, Counterpart is required to make such a determination in good faith in conformance with the duty of good faith and fair dealing that is an implicit term of every contract.

Defendant is not prejudiced by the amendment, as discovery is ongoing, and no pre-trial or trial date has been set..

On July 10, 2006, the undersigned sent counsel for Defendant a copy of the First Amended Complaint and requested consent to this motion. As of the date and time of this filing Defendant is still considering whether to consent to its entry.

Respectfully submitted,

_____
Patricia D. Douglass
D.C. Bar No. 214916
98 Interpromontory Rd.
Great Falls, VA 22066-3219
(703) 759-3586

COUNSEL FOR PLAINTIFF.

July 11, 2006

United States District Court
For the District of Columbia

| | |
|---|---|
| **Jay W. Cooper**            ) | |
| 2431 Pinebrook Circle        ) | |
| Medford, Oregon 97504,       ) | |
|                              ) | |
|        Plaintiff             ) | |
|                              ) | |
|                              ) | |
|    v.                        ) | Civ. No. 05-1598 (RMC/JMF) |
|                              ) | Next Event:  Status Conference July |
|                              ) | 12, 2006, 10:15 a.m. |
| **Counterpart International** ) | |
| 1200 Eighteenth St., N.W.    ) | |
| Suite 1100                   ) | |
| Washington, D.C. 20036.      ) | |
|                              ) | |
|        Defendant.            ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

Rule 15(a) of the Federal Rules of Civil Procedure provides that amendments "shall be freely given when justice so requires." This is such a case. For there has been no bad faith on Plaintiff's part, no dilatory motive, no undue delay and no prejudice to Defendant. *Foman v. Davis*, 371 U.S. 178, 182 (1962) (reversing denial of leave to amend when amendment simply stated an alternate theory of recovery).

First, the amendment is timely. Discovery has not closed. No dispositive motions are on file. No pre-trial or trial date has been set. The good faith of Defendant's actions – or the lack thereof -- during the events surrounding Defendant's review of Plaintiff's work performance have become evident during discovery to date in this case. The

amendment simply makes explicit that Plaintiff is claiming a breach of the covenant of good faith and fair dealing in addition to the other breaches of contract asserted. *Compare American Registry of Pathology v. Ohio Casualty Insurance Co*, 401 F. Supp.2d 75 (D.D.C. 2005) (permitting amendment to add claim alleging breach of duty of good faith and fair dealing to an action based, *inter alia*, on breach of contract); see also, *Harrison v. Rubin*, 174 F.3d 249 (D.C.Cir 1999) (reversing refusal to permit amendment as an abuse of discretion when the moving plaintiff was not seeking to add new factual allegations and available defenses were virtually identical).

For all the above reasons, Plaintiff requests that her motion for leave to file an Amended Complaint be granted.

Respectfully submitted,

_____
Patricia D. Douglass
D.C. Bar No. 214916
98 Interpromontory Rd.
Great Falls, VA 22066-3219
(703) 759-3586

COUNSEL FOR PLAINTIFF.

July 11, 2006