UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAY W. COOPER ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil No. 1:05-cv-01598-RMC |
| ) | |
| COUNTERPART INTERNATIONAL ) | |
| ) | |
| Defendant. ) | |
| ) | |

### DEFENDANT'S RESPONSE TO PLAINTIFF'S
### SECOND REQUEST FOR THE PRODUCTION OF DOCUMENTS

Defendant Counterpart International ("Counterpart") responds to plaintiff's second request for the production of documents as follows:

### General Objections and Responses

1. Counterpart objects to plaintiff's requests for production to the extent they seek the disclosure of documents that are protected by the attorney-client privilege, the attorney work-product doctrine, the common interest/joint defense privilege or any other applicable privilege or immunity.

2. Counterpart objects to the instructions contained in plaintiff's requests for production to the extent they impose obligations beyond those imposed by the Federal Rules of Civil Procedure and/or Local Rules of the District Court for the District of Columbia.

3. Counterpart objects to plaintiff's requests for production to the extent they seek documents containing proprietary business information, trade secrets or other confidential or personal information.

4.   Counterpart will produce responsive, non-privileged documents for inspection and copying at a mutually convenient time and location and as they are maintained in the ordinary course of business.

5.   Counterpart has made all good faith efforts to locate documents responsive to plaintiff's requests. Counterpart reserves the right to supplement its document production if it locates additional documents or, as this action progresses, Counterpart determines that documents which have been located but appear non-responsive are actually responsive to plaintiff's requests.

6.   Counterpart will produce documents only in its possession, custody, or control or in the possession, custody, control of its agents or employees.

## Specific Objections and Responses

**REQUEST NO. 1:** Please produced all of the "secret files" you discovered in Jay Cooper's office in Almaty after his termination as described by Ms. Kelli Boyer in her deposition on March 28, 2006.

**RESPONSE:** Subject to the general responses and objections stated above, Defendant responds as follows: Defendant has not yet been able to locate Jay Cooper's "secret files" as described by Kelli Boyer during her March 28, 2006 deposition. Defendant will continue to search for the files and will supplement this response if and when such files are located.

**REQUEST NO. 2:** Please produce all amendments to the March 2001 edition of Counterpart's Manual for Employees in Foreign Areas that was marked as Exhibit 4 to Cooper's Rule 30(b)(6) deposition of Counterpart International that were in force as of Fall 2004, including an amendment concerning whistleblower protection discussed by

Ms. Kelli Boyer in her deposition on March 28, 2006, and as well as any and all documents relating to each such amendment.

**RESPONSE:** Subject to the general responses and objections stated above, Defendant responds as follows: There were no amendments to the 2001 March edition of Counterpart's Manual for Employees in Foreign Areas ("Manual"). The Manual's grievance policy was revoked by memorandum dated May 16, 2003. A copy of the memorandum will be produced. The Manual is currently in the process of being revised for the first time since the March 2001 edition and it is anticipated policy changes and additions, including a policy concerning whistleblower protection, will be reflected in the final revised Manual.

**REQUEST NO. 3:** Please produce any and all documents (including notes, memoranda, e-mails or other types of documents) written by Michael Kunz at any time between June 1, 2004 and December 31, 2004, relating to a) any meetings or oral communications with or including Jay Cooper, b) any meetings or oral communications with other persons relating to Jay Cooper.

**RESPONSE:** Defendant objects to Request No. 3 on the grounds that it is overly broad and requests documents that are not relevant or likely to lead to the discovery or admissible evidence. Subject to Defendant's objection to Request No. 3 and the general responses and objections stated above, Defendant responds as follows: Neither Defendant nor Mr. Kunz are aware of any documents responsive to Request No. 3.

**REQUEST NO. 4:** Please produce any and all documents (including notes, memoranda, e-mails or other types of documents) written by Bob Abma at any time between June 1, 2004 and December 31, 2004, relating to a) any meetings or oral communications with or