Attachment 9.c to Joint Pretrial Statement

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAY W. COOPER, )  )  Plaintiff )  ) v. )  ) COUNTERPART INTERNATIONAL )  ) Defendant. ) ) | Civil No. 1:05-cv-01598-RMC |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE AND TESTIMONY REGARDING DEFENDANT'S COMPLIANCE WITH USAID REGULATIONS**

Cooper argues evidence regarding Counterpart's compliance with USAID regulations "must be permitted" to allow Cooper to prove Counterpart's motive for his termination and that it acted in bad faith. Cooper's argument fails because: 1) Cooper does not need to prove Counterpart's motive or bad faith to prevail on his breach of contract claim, and 2) the probative value of the unnecessary evidence is outweighed by the prejudicial effect of the confusing and lengthy side trial that would be required to litigate it.

### A. Counterpart's Motive Is Irrelevant

First, Cooper argues evidence regarding Counterpart's compliance with USIAD regulations is relevant to prove Counterpart's motive for terminating him. Cooper's argument should be rejected because it is inconsistent with the jurisprudence of this Court. As explained more fully in Defendant's memorandum in support of its motion in limine, this Court rejected an identical argument by the plaintiff in *Washington v. Thurgood Marshall Academy*, 2006 U.S.

1

Dist LEXIS 88852, * 27 (D.D.C. Dec. 8, 2006), because the entire factual record in that case revealed the plaintiff had "no direct evidence" her employer was motivated to terminate her employment because she claimed the employer was not in compliance with the law. *Id.* at *7.

Here, Cooper *concedes* he has no direct evidence that Counterpart was motivated to terminate him because he complained Counterpart was not in compliance with USAID regulations. (Opp. at 4.) For this reason, as well as the other reasons set forth in the memorandum in support of the motion in limine, evidence regarding Counterpart's compliance with USAID regulations is not relevant and should be excluded.

### B. Counterpart's Alleged Bad Faith is Irrelevant

Second, Cooper argues Cooper argues evidence regarding Counterpart's compliance with USIAD regulations is relevant to prove Counterpart breached its implied covenant of good faith and fair dealing. This argument also fails because: 1) the Amended Complaint does not allege a separate claim for breach of the implied covenant of good faith and fair dealing, and 2) Cooper does not need to prove Counterpart acted in bad faith in order to prove breach of contract.[1]

The *only* factual issue in dispute with regard to Cooper's breach of contract claim is whether Counterpart terminated Cooper because it was not satisfied with his performance or for some other reason unrelated to his performance. Cooper does not need to prove Counterpart acted in good faith or bad faith. For this reason too, evidence regarding Counterpart's compliance with USAID regulations is not relevant and should be excluded.

---

[1] Even if Plaintiff had pled a separate claim for breach of the implied covenant of good faith and fair dealing, that claim could not stand as an independent action because Plaintiff's breach of contract claim already incorporates the supporting allegations. *See WMATA v. Quik Serve Foods*, 2006 U.S. Dist. LEXIS 24510, *14 (U.S. D.C. 2006)(dismissing plaintiff's implied duty of good faith claim because the allegations of bad faith were already incorporated in plaintiff's breach of contract claim.); *Jacobsen v. Oliver*, 201 F. Supp. 2d 93, 98 n.2 (D.D.C. 1996) ("[A] party is not entitled to maintain an implied duty of good faith claim where the allegations of bad faith are 'identical to' a claim for 'relief under an established cause of action.' ").

### C. Introduction of Evidence Regarding Counterpart's Compliance with USAID Regulations Will Result in <u>Substantial Prejudice and Jury Confusion</u>

As explained more fully in the memorandum in support of Defendant's motion in limine, allowing Cooper to introduce evidence regarding Counterpart's compliance with complex financial requirements of USAID regulations will expand the focus of this straight-forward breach of contract case into a confusing, prejudicial and lengthy side trial involving thousands of financial documents, industry financial practices and extremely complex governmental regulations. A comparison of Cooper's Exhibit List filed with the parties' Joint Pretrial Statement and Cooper's Opposition to Counterpart's Motion for Summary Judgment, shows that at least 47 of the 108 proposed exhibits relate only to the issue of whether Counterpart was in compliance with the USAID regulations.

The introduction of these exhibits and supporting witness testimony will prejudice Counterpart and confuse the jury by forcing them to assess extensive additional evidence and testimony relating to a matter that is irrelevant to the underlying breach of contract claim. For this reason too, evidence regarding Counterpart's compliance with USAID regulations should be excluded.

***

For these reasons and all other reasons set forth in the memorandum in support of Defendant's Motion in Limine, Defendant's motion should be granted in its entirety.

                            Respectfully submitted,

                            **JACKSON LEWIS LLP**

July 14, 2008                By: /s/

Michael N. Petkovich (D.C. Bar No.456010)
Kara M. Ariail (D.C. Bar No.478718)
8614 Westwood Center Drive, Suite 950
Vienna, VA 22182
(703) 821-2189

**Attorneys for Defendant Counterpart International**