Attachment 10.a to Joint Pretrial Statement

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JAY W. COOPER | ) | |
|     Plaintiff | ) ) ) | |
| v. | ) ) | Civil No. 1:05-cv-01598-RMC |
| COUNTERPART INTERNATIONAL | ) ) | |
|     Defendant. | ) ) ) | |

**DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE AND TESTIMONY OF COUNTERPART'S NON-PUBLIC COMMUNICATIONS ABOUT COOPER'S PERFORMANCE OR TERMINATION**

Defendant Counterpart International ("Counterpart"), through counsel, hereby moves the Court to exclude evidence and testimony of any non-public communications made by Counterpart about Cooper's employment performance or termination, including without limitation:

1)   Lear asking Cooper not to return to the Almaty office during the October 12, 2004 telephone conference terminating his employment;

2)   Changing the locks on Cooper's office door located inside Counterpart's Almaty office following his termination;

3)   Maintaining the locked status of Cooper's office door located inside Counterpart's Almaty office following his termination;

4)   Communicating to other Counterpart Country Directors that Cooper was no longer with Counterpart and was not allowed in any offices in those countries;

1

5) Abma and Boyer sorting through Cooper's office the weekend of November 13-14, 2004

6) Kunz instructing Counterpart staff in the Almaty office not to forward e-mails or telephone messages or other correspondence to Cooper;

7) Kunz's alleged communication to Igor Tupitsyn that Cooper left Counterpart "not by his own choice;"

8) Kunz's alleged communication to Susan Fritz that Cooper left Counterpart "not by his own choice;"

9) Altinay Kucheekekyuva's alleged conversation with Ruth Pojman about Cooper's termination from Counterpart;

10) Lear's alleged conversation with Ara Nazinyan about Cooper's termination from Counterpart;

11) Lear's alleged conversation with Asiya Sasykbaeva about Cooper's termination from Counterpart;

12) Kunz' alleged statement to Stephen Larabee that Cooper mismanaged projects;

13) Lear's alleged statements to Igor Storozhenko that Cooper's ex-wife deserved custody of their child.

For the reasons explained in the accompanying memorandum, Counterpart respectfully requests the Court grant this motion and enter the attached order.

Respectfully submitted,

**JACKSON LEWIS LLP**

July 14, 2008                                By: _____
Michael N. Petkovich (D.C. Bar No.456010)
Kara M. Ariail (D.C. Bar No.478718)
8614 Westwood Center Drive, Suite 950
Vienna, VA 22182
(703) 821-2189

**Attorneys for Defendant Counterpart International**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAY W. COOPER ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil No. 1:05-cv-01598-RMC |
| ) | |
| COUNTERPART INTERNATIONAL ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE AND TESTIMONY OF COUNTERPART'S NON-PUBLIC COMMUNICATIONS ABOUT COOPER'S PERFORMANCE OR TERMINATION**

Defendant Counterpart International ("Counterpart"), through counsel, files this memorandum in support of its motion in limine to exclude evidence and testimony of any non-public communications made by Counterpart about Cooper's employment performance or termination, including without limitation:

1) Lear asking Cooper not to return to the Almaty office during the October 12, 2004 telephone conference terminating his employment;

2) Changing the locks on Cooper's office door located inside Counterpart's Almaty office following his termination;

3) Maintaining the locked status of Cooper's office door located inside Counterpart's Almaty office following his termination;

4) Communicating to other Counterpart Country Directors that Cooper was no longer with Counterpart and was not allowed in any offices in those countries;

5) Abma and Boyer sorting through Cooper's office the weekend of November 13-14, 2004;

4

6) Kunz instructing Counterpart staff in the Almaty office not to forward e-mails or telephone messages or other correspondence to Cooper;

7) Kunz's alleged communication to Igor Tupitsyn that Cooper left Counterpart "not by his own choice;"

8) Kunz's alleged communication to Susan Fritz that Cooper left Counterpart "not by his own choice;"

9) Altinay Kucheekekyuva's alleged conversation with Ruth Pojman about Cooper's termination from Counterpart;

10) Lear's alleged conversation with Ara Nazinyan about Cooper's termination from Counterpart;

11) Lear's alleged conversation with Asiya Sasykbaeva about Cooper's termination from Counterpart;

12) Kunz' alleged statement to Stephen Larabee that Cooper mismanaged projects;

13) Lear's alleged statements to Igor Storozhenko that Cooper's ex-wife deserved custody of their child.

I. **SUMMARY**

Evidence of Counterpart's non-public communications about Cooper's employment performance or termination should be excluded because it is irrelevant to Cooper's false light invasion of privacy claim. The publicity element of a false light claim requires a *public* communication. This evidence should also be excluded because any probative value is outweighed by the high risk of unfair prejudice to Counterpart and jury confusion on the issue of whether Counterpart publicized communications that placed Cooper in a false light.

II. **ARGUMENT**

Only relevant evidence is admissible at trial. *See Washington v. Thurgood Marshall Academy*, 2006 U.S. Dist LEXIS 88852, * 23 (D.D.C. Dec. 8, 2006). "Relevant evidence is evidence 'having any tendency to make the existence of any fact more or less probable than it would be without the evidence." *Id., citing* Fed. R. Evid 401. As a matter of law, evidence of a communication that is published only to a single person or small group of persons is not relevant to a claim of false light invasion of privacy. *See Steinbuch v. Cutler*, 2006 U.S. Dist. LEXIS 78462 (U.S.D.C. 2006). The Steinbuch court explained that the publicity element of a false light invasion of privacy claim requires a *public* communication:

> Publicity in the sense that it is used regarding these claims for invasion of privacy differs from the term publication as used in connection with liability for defamation. Publication can mean communication to a single person. The Second Restatement of Torts differentiates publicity as follows: 'Publicity,' on the other hand, means the matter is made public, by communicating it to the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge. The difference is not one of the means of communication, which may be oral, written or by any other means. It is one of communication that reaches, or is sure to reach, the public.

*Id.* at *5-*6 (citations omitted); *see also Childs v. Williams*, 825 S.W. 2d 4, 8-9 (Mo. App. 1992) ("It is of no consequence that private facts are communicated, even to a large group of persons, if by that communication the private facts are not made public. The critical aspect of the publication requirement is public disclosure – communications that are available to the general public, communications that have a likelihood of becoming public knowledge.").[1]

Accordingly, evidence of communications that were either 1) communicated by Counterpart to a single individual, or 2) communicated by Counterpart to so few people that no

---

[1] Both the District of Columbia and Missouri have adopted the Second Restatement of Torts' formulation of the law of false light invasion of privacy. *See Steinbuch at,* *4-5; *Childs at 4.)*

6

broad publication to the general public could have occurred is not relevant to Cooper's false light claim.

Even if the evidence was relevant to Cooper's claim, testimony and evidence regarding the grievance should still be excluded on the additional grounds that any slight probative value that it may have is substantially outweighed by the danger of unfair prejudice and jury confusion on the issue of whether Counterpart publicized communications that placed Cooper in a false light.

### III.  CONCLUSION

Based on the foregoing reasons and authority, Counterpart respectfully requests that the Court grant Counterpart's motion in limine and exclude evidence and testimony of any non-public communications made by Counterpart about Cooper's employment performance or termination, including but not limited to the above-listed communications and alleged communications.

Respectfully submitted,

**JACKSON LEWIS LLP**

July 14, 2008

By: _____
Michael N. Petkovich (D.C. Bar No.456010)
Kara M. Ariail (D.C. Bar No.478718)
8614 Westwood Center Drive, Suite 950
Vienna, VA 22182
(703) 821-2189

**Attorneys for Defendant Counterpart International**