Attachment 10.c to Joint Pretrial Statement

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JAY W. COOPER )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>COUNTERPART INTERNATIONAL )<br>)<br>Defendant. )<br>) | Civil No. 1:05-cv-01598-RMC |

**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE AND TESTIMONY OF COUNTERPART'S NON-PUBLIC COMMUNICATIONS ABOUT COOPER'S PERFORMANCE OR TERMINATION**

Plaintiff concedes that no one piece of evidence that Counterpart moves to exclude in its motion in limine can support a judgment for false light invasion of privacy. (Opposition at 3.) Plaintiff argues the combination of the various communications and actions, heard and viewed by individuals, support a claim for false light invasion of privacy. Plaintiff offers no legal support for this proposition.

Under District of Columbia law, a plaintiff must prove that a violation of his or her privacy was published or broadcast to a large group of people. The only D.C. Circuit case cited by Plaintiff, *McSurely v. McClellan*, 753 F.2d 88 (D.C. Cir. 1985), applies Kentucky law to its analysis of the plaintiff's false light invasion of privacy claim.

1

The District of Columbia courts consistently follow the Restatement (Second) of Torts' standard on false light invasion of privacy.[1] The Restatement (Second) is clear with regard to what constitutes publicity for a false light invasion of privacy action:

> It is not an invasion of the right of privacy, within the rule stated in this Section, to communicate a fact concerning the plaintiff's private life to a single person or even to a small group of persons. On the other hand, any publication in a newspaper or a magazine, even of small circulation, or in a handbill distributed to a large number of persons, or any broadcast over the radio, or statement made in an address to a large audience, is sufficient to give publicity within the meaning of the term as it is used in this Section. The distinction, in other words, is one between private and public communication.

RESTATEMENT (SECOND) OF TORTS §652D cmt. a.

All the evidence at issue in Defendant's Motion in Limine involves communications or actions which were heard or seen by a single person or small group of persons. None of this evidence is relevant to a claim of false light invasion of privacy. Virtually all this evidence involves normal communications to employees and business associates relating to the termination of a co-worker. Not one piece of evidence at issue was published or broadcasted in any way by Defendant to anyone beyond those who had a business need to know.

This irrelevant and prejudicial evidence will only confuse and potentially emotionally inflame the jury with no basis in fact or law.

For these reasons and all other reasons set forth in the memorandum in support of Defendant's Motion in Limine, Defendant's motion should be granted in its entirety.

---

[1] *See Steinbuch v. Cutler*, 2006 U.S. Dist. LEXIS 78462 (U.S.D.C. 2006), *4-5 (stating the "District of Columbia adopts the Second Restatement of Torts' formulation of the law of false light invasion of privacy"); *Lane v. Random House, Inc.*, 985 F. Supp. 141, 149 (U.S. D.C. 1995) (citing Restatement (Second) of Torts in defining elements of false light claim); *White v. Fraternal Order of Police*, 909 F.2d 512, 522 (D.C. Cir. 1990) (same); *Southern Air Transport, Inc., v. American Broadcasting Companies*, 670 F. Supp. 38, 42 (U.S. D.C. 1987) ("To be actionable in the District of Columbia, a plaintiff must satisfy the requirements of false light claim as defined by the Restatement (Second) of Torts."); *Vassiliades v. Garfinckels*, 492 A.2d 580 587 (D.C. App. 1985) ("This court has relied on the Restatement's (Second) formulation of the law applicable to "invasion of privacy" in determining the appropriate contours of a cause of action for invasion of that right.").

                    Respectfully submitted,

                    **JACKSON LEWIS LLP**

July 14, 2008                    By: _____
                                      Michael N. Petkovich (D.C. Bar No. 456010)
                                      Kara M. Ariail (D.C. Bar No. 478718)
                                        8614 Westwood Center Drive, Suite 950
                                        Vienna, VA 22182
                                        (703) 821-2189

                    **Attorneys for Defendant Counterpart International**