Attachment 11.a to Joint Pretrial Statement

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAY W. COOPER ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil No. 1:05-cv-01598-RMC |
| ) | |
| COUNTERPART INTERNATIONAL ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S MOTION IN LIMINE TO EXCLUDE
EVIDENCE AND TESTIMONY ABOUT PROPP'S LAWSUIT**

Defendant Counterpart International ("Counterpart"), through counsel, hereby moves the Court to exclude evidence and testimony about former Counterpart employee Brian Propp's lawsuit against Counterpart.

For the reasons explained in the accompanying memorandum, Counterpart respectfully requests the Court grant this motion and enter the attached order.

1

Respectfully submitted,

**JACKSON LEWIS LLP**

July 14, 2008

By:_____
Michael N. Petkovich (D.C. Bar No.456010)
Kara M. Ariail (D.C. Bar No.478718)
8614 Westwood Center Drive, Suite 950
Vienna, VA 22182
(703) 821-2189

**Attorneys for Defendant Counterpart International**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAY W. COOPER )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>COUNTERPART INTERNATIONAL )<br>)<br>Defendant. )<br>) | Civil No. 1:05-cv-01598-RMC |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE
TO EXCLUDE EVIDENCE AND TESTIMONY ABOUT PROPP'S LAWSUIT**

Defendant Counterpart International ("Counterpart"), through counsel, files this memorandum in support of its motion in limine to exclude evidence and testimony about former Counterpart employee Brian Propp's lawsuit against Counterpart.

**I.   SUMMARY**

Evidence about former Counterpart employee Brian Propp's discrimination lawsuit against Counterpart should be excluded because it is irrelevant to the disposition of Cooper's claims. The Propp lawsuit did not include claims of breach of contract or false light invasion of privacy. Propp's allegations involved different decision makers, different factual circumstances and are not in any way related to Cooper's claims. This evidence should also be excluded because any probative value is outweighed by the high risk of unfair prejudice to Counterpart.

**II.   ARGUMENT**

Courts exclude from trial irrelevant evidence and relevant evidence whose probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or

3

misleading the jury. *See Washington v. Thurgood Marshall Academy*, 2006 U.S. Dist LEXIS 88852, * 27 (D.D.C. Dec. 8, 2006) (*citing* Fed. R. Evid. 402 and 403).

Cooper has identified former Counterpart employee Brian Propp as a potential trial witness and obtained deposition testimony from him. Propp previously filed a discrimination lawsuit against Counterpart. The Propp lawsuit did not include claims of breach of contract or false light invasion of privacy. Propp's supporting involved different decision makers, different factual circumstances and are not in any way related to Cooper's claims. Accordingly, evidence or testimony relating to the lawsuit is irrelevant to determining in the present case whether Counterpart breach its contract with Cooper or committed false light invasion of privacy and should be excluded.

Even if Propp's lawsuit was relevant to Cooper's claims, testimony and evidence regarding his suit should be excluded on the additional grounds the presentation of other legal claims brought against the organization would substantially prejudice Counterpart.

### III. CONCLUSION

Based on the foregoing reasons and authority, Counterpart respectfully requests that the Court grant Counterpart's motion in limine and exclude evidence and testimony about former Counterpart employee Brian Propp's lawsuit against Counterpart.

Respectfully submitted,

JACKSON LEWIS LLP

July 14, 2008

By: _____
Michael N. Petkovich (D.C. Bar No. 456010)
Kara M. Ariail (D.C. Bar No. 478718)
8614 Westwood Center Drive, Suite 950

4

Vienna, VA 22182
(703) 821-2189

**Attorneys for Defendant Counterpart International**