Attachment 11.c to Joint Pretrial Statement

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAY W. COOPER ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil No. 1:05-cv-01598-RMC |
| ) | |
| COUNTERPART INTERNATIONAL ) | |
| ) | |
| Defendant. ) | |
| ) | |

**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE
TO EXCLUDE EVIDENCE AND TESTIMONY ABOUT PROPP'S LAWSUIT**

Cooper concedes Counterpart's motion and instead uses his opposition to introduce additional inadmissible evidence. Cooper discloses for the first time, he intends to offer Propp's deposition testimony to show Propp also complained to Counterpart leadership about Counterpart's misuse of USAID funds and Counterpart terminated Propp to prevent him from further reporting his concerns. This additional evidence should also be excluded because its probative value is substantially outweighed by the likelihood of confusing, distracting and misleading the jury.[1]

Courts exclude seemingly persuasive evidence that cannot be rebutted without "detailed extrinsic evidence" to prevent a confusing side trial that can mislead and distract the jury from the main issues in the case. *See* 2-403 Weinstein's Federal Evidence, §403.05 [3][b]; *see also Coast to Coast Stores v. Womack-Bowers, Inc.* 818 F.2d 1398, 1404 (8th Cir. 1987) (court properly excluded evidence of party's similar misreprentations in fraud case because the amount

---

[1] To the extent Defendant must move to exclude the additional evidence disclosed for the first time in Plaintiff's opposition, Defendant so moves through this reply brief.

1

of detailed extrinsic rebuttal evidence would likely confuse the jury); *Wilson v. Bicycle S., Inc.*, 915 F.2d 1503, 1510 (11th Cir. 1990) (court properly excluded evidence of allegedly similar accident in products liability suit because extensive amount of detailed extrinsic rebuttal evidence could confuse and mislead the jury).

If allowed into evidence, Propp's deposition testimony that he was fired for complaining about misuse of USAID funds, will create a lengthy side-trial involving detailed extrinsic evidence through witnesses and documents unrelated to Cooper's claim. For example, Counterpart will need to introduce the following detailed extrinsic evidence to defend against his testimony and impeach his credibility:

- Propps's four count complaint against Counterpart for age discrimination, race discrimination, sex discrimination and retaliation for complaining about age, race and sex discrimination to show Propp, a white male over the age forty, filed four separate discrimination claims against Counterpart in relation to his termination, but did not bring a whistleblower or wrongful discharge claim;[2]

- *All* substantive pleadings filed by Propp in his litigation against Counterpart *after* Propp's deposition testimony in the Cooper matter to show Propp's testimony that he amended his complaint to include a whistleblower action was untrue;

- Propp's deposition testimony from his own lawsuit to show his testimony in the Cooper case that he reported financial irregularities to Counterpart leadership and believed he was terminated for that reason was untrue;

---

[2] Of course if Propp's deposition testimony is admitted, the mere fact that he sued Counterpart will be necessary and relevant for impeachment purposes.

2

- Propp's written discovery responses from his own lawsuit to show his testimony in the Cooper case that he reported financial irregularities to Counterpart leadership and believed he was terminated for that reason was untrue;

- Witness testimony to refute Propp's testimony that he complained about financial irregularities;

- Witness testimony to show separate decision-makers were involved in the two terminations;

- Witness testimony from witnesses not currently included on either party's witness list in the Cooper case, including Counterpart Board Members Jan Hartke and Brian George, to show Propp did not mention his alleged concerns about Counterpart's financial irregularities when he complained to them about his termination;

- Evidence regarding the legitimate business reasons Counterpart terminated Propp;

- The decision granting Counterpart's motion for summary judgment, concluding Counterpart terminated Propp for legitimate business reasons unrelated to claims of discrimination and retaliation;

- Evidence that to this day, Propp has never filed any claim alleging he was fired for voicing complaints relating to financial irregularities.

The introduction of this detailed extrinsic evidence will require dozens of additional exhibits and several days of witness testimony, resulting in a confusing lengthy side trial that will mislead and distract the jury from Cooper's breach of contract and false light claims. In addition, counsel for Cooper further indicated that she does not intend to produce Propp as a

3

witness. In addition to the reasons above, Counterpart would not have any opportunity to cross examine Propp regarding a host of inconsistence in his testimony on this issue.

For this reason, Counterpart requests the Court excludes Brian Propp's deposition testimony regarding his newly created claim that he purportedly complained about financial issues and Counterpart terminated him to prevent him from further reporting his concerns.

                          Respectfully submitted,

                          **JACKSON LEWIS LLP**

July 14, 2008                  By:_____
Michael N. Petkovich (D.C. Bar No.456010)
Kara M. Ariail (D.C. Bar No.478718)
8614 Westwood Center Drive, Suite 950
Vienna, VA 22182
(703) 821-2189

**Attorneys for Defendant Counterpart International**