*Attachmt 12.c to Joint Pretrial Statmt*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAY W. COOPER ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil No. 1:05-cv-01598-RMC |
| ) | |
| COUNTERPART INTERNATIONAL ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION IN LIMINE TO EXCLUDE
EVIDENCE AND TESTIMONY ABOUT CHASSEY'S GRIEVANCE**

Plaintiff concedes the substance of Chassey's grievance is not relevant to this case. Instead, Cooper argues "the fact Chassey filed a grievance, the date he did so [and] Counterpart's handling of that grievance" are relevant to: 1) show Counterpart acted in bad faith toward Cooper, 2) the credibility of Counterpart witnesses. The undisputed facts do not support Cooper's argument.

First, it is undisputed Cooper never filed a grievance. It is also undisputed that Counterpart discontinued its grievance procedure before Cooper was terminated. Fundamentally, it is difficult to understand Cooper's claim that Counterpart terminated Cooper to stop him from filing a grievance. Accordingly, the fact Chassey or any other Counterpart employee filed a grievance, at any time, cannot be relevant to show Counterpart violated any duty it had toward Cooper. For this reason alone, evidence relating to Chassey's grievance should be excluded.

Second, it is undisputed that Arlene Lear, the subject of Chassey's grievance, did not "handle" the grievance. It is further undisputed Lear was the sole decision maker who

terminated Cooper. Since Chassey's grievance and Cooper's termination were handled by different decision makers, the way Counterpart handled the Chassey grievance cannot be relevant to show Counterpart violated any duty it had toward Cooper. For this reason too evidence relating to Chassey's grievance should be excluded.

Finally, Cooper's entire argument that Chassey's grievance is relevant to assess the credibility of Counterpart's witnesses is based on a document produced by Counterpart that appears to be a memorandum from Harry Dorcus rescinding the grievance procedure in Spring 2003. Counterpart does not claim that it discontinued its grievance procedure for personnel in Cooper's position until October 6, 2004. Once again, it is difficult to understand Cooper's intent to introduce facts from an entirely unrelated grievance to disprove an assertion that Counterpart has never made. For this reason too evidence relating to Chassey's grievance should be excluded.

***

For these reasons and all other reasons set forth in the memorandum in support of Defendant's Motion in Limine, Defendant's motion should be granted in its entirety.

Respectfully submitted,

**JACKSON LEWIS LLP**

July 14, 2008

By: _____
Michael N. Petkovich (D.C. Bar No.456010)
Kara M. Ariail (D.C. Bar No.478718)
8614 Westwood Center Drive, Suite 950
Vienna, VA 22182
(703) 821-2189

**Attorneys for Defendant Counterpart International**