Attachment 13.c to Joint Pretrial Statement

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAY W. COOPER )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>COUNTERPART INTERNATIONAL )<br>)<br>Defendant. )<br>) | Civil No. 1:05-cv-01598-RMC |

**REPLY TO PLAINTIFF'S OPPOISITION TO DEFENDANT'S
MOTION IN LIMINE TO EXCLUDE EVIDENCE AND TESTIMONY ABOUT THE
REASONS FOR BOYER'S SEPARATION**

Cooper argues he is entitled to explore the possibility that Boyer and others provided prior inconsistent statements about the reason for her separation from Counterpart and so concedes this evidence is not relevant to his case in chief.[1] For this reason alone, evidence about the reasons for Boyer's separation should be excluded.

Evidence about the reasons for Boyer's separation is also irrelevant for impeachment. First, it is undisputed that Boyer resigned from Counterpart. Even if Cooper could show Counterpart wanted Boyer to leave and gave her the option to resign, that evidence would have no impact on Boyer's credibility. Avoiding termination could be the "personal reason" cited by Boyer in her testimony as the basis for her resignation. Second, the reason for Boyer's separation

---

[1] Cooper also argues the record evidence demonstrates Boyer's testimony about her separation "was less than candid." None of the evidence detailed by Cooper contradicts Boyer's testimony that she resigned for "mainly personal reasons" and that her resignation was "amicable." Cooper should not be permitted to attack Boyer's credibility on cross-examination by questioning her about the reasons for her separation unless additional testimony develops at trial that actually contradicts her previous testimony.

from Counterpart is not evidence of bias for impeachment purposes because Boyer's separation from Counterpart does not make her more likely to lie for Counterpart's benefit, it makes her less likely to do so. For these reasons too, evidence about the reasons for Boyer's separation should be excluded.

Cooper also argues evidence about the reasons for Boyer's separation is relevant to show Lear misrepresented her level of trust in Boyer's competence. Boyer's competence is not an issue in this litigation. It is undisputed Lear based her decision to terminate Cooper on statements he made and actions he took, as relayed to her by Boyer. Only Lear's level of trust in Boyer's *credibility* is relevant. Lear's opinion of Boyer's competence is irrelevant because there is no evidence Lear based her decision to terminate Cooper on any decisions made or duties performed by Boyer. For this reason too, evidence about the reasons for Boyer's separation is irrelevant and should be excluded.

***

For these reasons and all other reasons set forth in the memorandum in support of Defendant's Motion in Limine, Defendant's motion should be granted in its entirety.

                    Respectfully submitted,

                    **JACKSON LEWIS LLP**

July 14, 2008          By: _____
                    Michael N. Petkovich (D.C. Bar No.456010)
                    Kara M. Ariail (D.C. Bar No.478718)
                    8614 Westwood Center Drive, Suite 950
                    Vienna, VA 22182
                    (703) 821-2189

                    **Attorneys for Defendant Counterpart International**