Attachment 14.a to Joint Pretrial Statement

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAY W. COOPER ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil No. 1:05-cv-01598-RMC |
| ) | |
| COUNTERPART INTERNATIONAL ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S MOTION IN LIMINE TO EXCLUDE
EVIDENCE AND TESTIMONY REGARDING PLAINTIFF'S
ALLEGED DAMAGES INCURRED AFTER DECEMBER 12, 2004**

Defendant Counterpart International ("Counterpart"), through counsel, hereby moves the Court to exclude evidence and testimony about Plaintiff's alleged damages incurred after December 12, 2004.

For the reasons explained in the accompanying memorandum, Counterpart respectfully requests the Court grant this motion and enter the attached order.

1

Respectfully submitted,

**JACKSON LEWIS LLP**

July 14, 2008

By: _____
Michael N. Petkovich (D.C. Bar No.456010)
Kara M. Ariail (D.C. Bar No.478718)
8614 Westwood Center Drive, Suite 950
Vienna, VA 22182
(703) 821-2189

**Attorneys for Defendant Counterpart International**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JAY W. COOPER            )
                         )
         Plaintiff       )
                         )
v.                       )    Civil No. 1:05-cv-01598-RMC
                         )
COUNTERPART INTERNATIONAL )
                         )
         Defendant.      )
                         )

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE
TO EXCLUDE EVIDENCE AND TESTIMONY REGARDING
PLAINTIFF'S ALLEGED DAMAGES INCURRED AFTER DECEMBER 12, 2004.**

Defendant Counterpart International ("Counterpart"), through counsel, files this memorandum in support of its motion in limine to exclude evidence and testimony about Plaintiff's alleged damages incurred after December 12, 2004.

**I.   SUMMARY**

Evidence about any alleged damages incurred by Plaintiff after December 12, 2004 should be excluded because it is irrelevant to the disposition of Cooper's claims.

Cooper's employment agreement with Counterpart could be terminated without liability to either part upon 30 days written notice, for any lawful reason. (See Exhibit 1, Cooper Employment Agreement). On November 12, 2004, Counterpart provided Cooper with written notice of his termination. (See Exhibit 2, November 12, 2004 termination letter). The Complaint alleges Counterpart terminated Cooper to "avoid the questions Cooper had raised" about financial irregularities and "to prevent Cooper from commencing a grievance procedure" to challenge his termination. (See Exhibit 1, Amended Complaint, §§ 16-2). Even if these

allegations are true, Cooper's termination is not unlawful. In fact, the Complaint does not allege Cooper's termination violated any law. Accordingly, Cooper's maximum available damages for his breach of contract claim are capped at 30 days following his November 12, 2004 termination, and evidence regarding additional unavailable damages is irrelevant.

This evidence should also be excluded because any probative value is outweighed by the high risk of unfair prejudice to Counterpart.

## II. ARGUMENT

Courts exclude from trial irrelevant evidence and relevant evidence whose probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. *See Washington v. Thurgood Marshall Academy*, 2006 U.S. Dist LEXIS 88852, * 27 (D.D.C. Dec. 8, 2006) (*citing* Fed. R. Evid. 402 and 403).

Cooper alleges he has sustained damages equal to the money and benefits owed to him under his employment agreement from the date of his termination on November 12, 2004 though the end of the agreement term on June 30, 2006. It is undisputed Cooper's employment agreement with Counterpart could be terminated without liability to either part upon 30 days written notice, for any lawful reason. (See Exhibit 1). It is undisputed Cooper received written notice of his termination on November 12, 2004. (See Exhibit 2). Counterpart maintains it terminated Cooper because he did not perform his job duties to its satisfaction (See Exhibit 1, allowing termination without notice if Cooper does not perform to Counterpart's satisfaction).

The Complaint alleges Counterpart terminated Cooper to "avoid the questions Cooper had raised" about financial irregularities and "to prevent Cooper from commencing a grievance procedure" to challenge his termination. (See Exhibit 1, Amended Complaint, §§ 16-2). The Complaint does not allege that Cooper's termination was unlawful and does not identify any law

4

violated by his termination. Indeed, terminating an employee to avoid addressing his financial questions or to prevent him from using an internal grievance procedure does not violate any law.

Even if Cooper were to prove Counterpart did not terminate him for failure to perform his job duties to Counterpart's satisfaction, the undisputed contract entitles him to no more than 30 days compensation.

Accordingly, Cooper's available maximum damages for breach of contract are capped at December 12, 2004, the end of the contractual notice period. Evidence and testimony regarding Cooper's alleged damages incurred beyond December 12, 2004 is irrelevant to determining Cooper's available damages in the present case and should be excluded. Evidence concerning Cooper's damages after December 12, 2004 would also confuse the jury and prejudice Counterpart.

Even if evidence and testimony regarding Cooper's alleged damages incurred beyond December 12, 2004 was relevant to Cooper's breach of contract claim, it should be excluded on the additional grounds the presentation of damages Cooper is not entitled to would substantially prejudice Counterpart and confuse the jury.

### III. <u>CONCLUSION</u>

Based on the foregoing reasons, Counterpart respectfully requests that the Court grant Counterpart's motion in limine and exclude evidence and testimony regarding Cooper's alleged damages incurred after December 12, 2004.

                        Respectfully submitted,

                        **JACKSON LEWIS LLP**

July 14, 2008                By: _/s/_

Michael N. Petkovich (D.C. Bar No.456010)
Kara M. Ariail (D.C. Bar No.478718)
8614 Westwood Center Drive, Suite 950
Vienna, VA 22182
(703) 821-2189

**Attorneys for Defendant Counterpart International**