Attachment 14.c to Joint Pretrial Statement

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAY W. COOPER ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil No. 1:05-cv-01598-RMC |
| ) | |
| COUNTERPART INTERNATIONAL ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE AND TESTIMONY REGARDING PLAINTIFF'S ALLEGED DAMAGES INCURRED AFTER DECEMBER 12, 2004**

Cooper's opposition does not refute, and therefore concedes, the following undisputed facts in support of Counterpart's motion:

- Cooper's employment with Counterpart could be terminated immediately if Counterpart was not satisfied with his performance or upon 30 days written notice for any lawful reason;

- On November 12, 2004 Counterpart terminated Cooper by telephone and written notice;

- Cooper's Amended Complaint alleges Cooper was terminated to prevent him from raising questions about financial irregularities and to prevent him from filing an internal grievance;

- It is not unlawful to terminate someone for raising questions about financial irregularities or to prevent him from filing an internal grievance;

- The Amended Complaint exclusively alleges Counterpart breached Cooper's employment contract, but does not allege Counterpart terminated Cooper for any illegal reason.

Based on these undisputed facts, no matter which party prevails on the breach of contract claim, the available damages are set by the terms of the contract. If the jury concludes Counterpart terminated Cooper because Counterpart was not satisfied with Cooper's performance, Counterpart is not liable for breach of contract and Cooper is entitled to no damages. If Cooper can prove Counterpart terminated him for the reasons alleged in the Amended Complaint, Counterpart is liable for failing to provide Cooper 30 days notice of his termination and Cooper is entitled only to those damages incurred in the 30 day period following Counterpart's written notice of his termination, until December 12, 2004. There is no basis, in fact or law, for any additional damages. Accordingly, evidence relating to damages incurred after December 12, 2004 should be excluded.

***

Based on the foregoing reasons and the reasons set forth in the memorandum in support of the motion in limine, Counterpart respectfully requests that the Court grant Counterpart's motion in limine and exclude evidence and testimony regarding Cooper's alleged damages incurred after December 12, 2004.

Respectfully submitted,

**JACKSON LEWIS LLP**

July 14, 2008

By: _____
Michael N. Petkovich (D.C. Bar No.456010)
Kara M. Ariail (D.C. Bar No.478718)
8614 Westwood Center Drive, Suite 950
Vienna, VA 22182
(703) 821-2189

**Attorneys for Defendant Counterpart International**