Attachment 15.b to Joint Pretrial Statement

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAY W. COOPER, <br><br> Plaintiff, <br><br> v. <br><br> COUNTERPART INTERNATIONAL, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) Civil No. 1:05-cv-01598-RMC <br> ) <br> ) <br> ) <br> ) <br> ) |

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE SEEKING RULING ON ADMISSIBILITY OF DEFENDANT'S ADMISSIONS

Counterpart was required by FRCP 36 to admit or deny Cooper's Request for Admissions. The fact that Counterpart admitted to Cooper's admissions does not mean Counterpart is required to stipulate to those admissions as relevant facts in this case.

Many subject matters addressed in Cooper's Requests for Admission have nothing to do with the facts in this case. For example, several of Cooper's requests for admissions relate to whether or not Counterpart had a whistleblower policy in place. The facts these requests are based on are irrelevant because there is no legal basis for a whistleblower claim in this case. Similarly, several of Cooper's requests for admission relate to alleged "secret files." It is undisputed Counterpart has never characterized any documents found in Cooper's office as "secret files." It is further undisputed that none of the witnesses in this case, including Cooper, ever believed Cooper was maintaining any files relating to financial irregularities.

In addition, dozens of Cooper's requests for admission relate to evidence that Counterpart has moved to exclude in its motions in limine filed contemporaneously with this Opposition. For

example, many of Cooper's admissions require Counterpart to authenticate documents that Cooper intends to offer to demonstrate Counterpart was not in compliance with USAID regulations. As detailed in Counterpart's *Motion in Limine to Exclude Evidence and Testimony About Counterpart's Compliance with USAID Regulations,* none of these documents are relevent to the claims in this case.

For these reasons, Plaintiff' motion should be denied. Plaintiff should be required to submit the evidence contained in the admissions at trial and allow rulings to be made based on fundamental admissibility evaluations.

                                             Respectfully submitted,

                                             **JACKSON LEWIS LLP**

July 14, 2008                            By:_____
                                             Michael N. Petkovich (D.C. Bar No.456010)
                                             Kara M. Ariail (D.C. Bar No.478718)
                                             8614 Westwood Center Drive, Suite 950
                                             Vienna, VA 22182
                                             (703) 821-2189

                                             **Attorneys for Defendant Counterpart International**