**Attachment 17 to Joint Pretrial Statement**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **JAY W. COOPER,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) **Civil Action No. 05-1598 (RMC-JMF)** |
| **COUNTERPART INTERNATIONAL,** | ) ) ) |
| Defendant. | ) |

**Plaintiff's Proposed Verdict Form**

1. **Do you find from a preponderance of the evidence that Defendant Counterpart International breached its contract or contracts with Plaintiff Jay Cooper?**

    **Answer yes or no: _____ [If you answer no, skip to question 5.]**

2. **If the answer to Question No. 1 is yes, what damages do you find from a preponderance of the evidence will place Cooper in the same position he would have been in had the contract or contract not been breached?**

    **$ _____**

3. **Do you find from a preponderance of the evidence that Defendant Counterpart International violated its duty of good faith and fair dealing in its treatment of Jay Cooper, and do you also find that contract damages are insufficient to hold Counterpart accountable or to make Cooper whole?**

    **Answer yes or no: _____**

4. **If the answer to Question No. 3 is yes, what additional compensatory damages do you award to Cooper?**

    **$ _____**

5. **Do you find by a preponderance of the evidence 1) that Cooper was protesting to his superiors Counterpart's violation of the provisions of Plaintiff's Exhibit 41, and that Counterpart terminated Cooper's employment solely because he protested a program of wrongful inflation of expenses charged to the federally-funded programs he managed in violation of Exhibit 41.**

   **Answer yes or no. _____**

6. **If your answer to Question No. 5 was yes, what additional damages do you award Cooper that you find by a preponderance of the evidence were caused by Counterpart's actions.**

   **$_____**

7. **Do you find by a preponderance of the evidence that Counterpart was submitting false claims for payment to the government by drawing down funds from particular grant programs on the false representation that those funds were being or had been used for the benefit of only the particular program for which they were awarded?**

   **Answer yes or no. _____**

8. **If your answer to Question No. 7 is yes, do you find by a preponderance of the evidence both 1) that Cooper was terminated by Counterpart because of his lawful acts in furtherance of an action under the Civil False Claims Act by complaining to his superiors at Counterpart about activities that would be false claims under the Act, and also 2) that Cooper believed in good faith that Counterpart submitted false claims to the government?**

   **Answer yes or no. _____**

9. **If your answer to Question No. 8 is yes, do you award Cooper any of the following?**

   **a) two times the amount of back pay?     Answer yes or no. _____**

   **If yes, in what amount?   $_____**

   **b) litigation costs and reasonable attorneys' fees?  Answer yes or no.\_\_\_\_\_**

   **If yes, in what amount?  $ _____**

9. **Do you find by a preponderance of the evidence that Counterpart held Cooper up to a false light in connection with its handling of his termination?**

   **Answer yes or no._____**

10. **If the answer to Question No. 9 is yes, what amounts do you find from a preponderance of the evidence will fairly and adequately compensate Cooper for actual injury caused by Counterpart?**

    **$ _____**

11. **Do you award punitive damages against Counterpart to punish it for its conduct or to serve as an example to prevent others from acting in a similar way?**

    **If yes, give amount:   $ _____**


    _____   _____
    **FOREPERSON**                   **DATE**