UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JAY W. COOPER,** | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 05-1598 (RMC-JMF) |
| **COUNTERPART INTERNATIONAL,** | ) |
| Defendant. | ) |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S NEW IN LIMINE MOTION TO EXCLUDE EVIDENCE AND TESTIMONY ABOUT PROPP'S COMPLAINTS ABOUT COUNTERPART'S ACCOUNTING PRACTICES.**

As once of its in Limine motions filed as part of the Joint Pre-Trial Statement on July 14, 2008, Defendant filed a Motion to exclude Evidence and Testimony about Propp's Lawsuit.  (See Tab 11 of the Joint Pre-Trial Statement.)   Plaintiff did not oppose the Motion, and agreed not to mention the lawsuit if it was not brought up by Defendant.  (See id., Tab 11(b).)  Instead of welcoming Plaintiff's offer not to refer to Mr. Propp's lawsuit against Counterpart unless Counterpart first raises the issue, Defendant has claimed that Plaintiff "concedes" the motion and then uses its reply brief[1] as a vehicle to launch a new in Limine motion seeking to bar introduction of evidence that Propp, as well as Cooper, was complaining about Counterpart's accounting practices.

Because this Reply is essentially a new motion in Limine ("the new in Limine motion"), Plaintiff should be allowed to be heard in opposition.

Defendant seriously misstates several matters in its new in Limine motion.

---

[1]  Reply to Plaintiff's Opposition to Defendant's Motion in Limine To Exclude Evidence and Testimony about Propp's Lawsuit, included in the Joint Pre-Trial Statement filed by the parties on July 14, 2008, behind Tab 11C, especially footnote 1.

**1. Why Propp was fired will have no place in this case.**

First, Plaintiff has no intention of trying to prove that Counterpart terminated Propp to prevent him from further reporting his concerns about misuse of USAID funds. Plaintiff has never said that he intends such proof. On the contrary, Propp's lawsuit contends that Counterpart fired Propp because of his age, sex and race, and that Counterpart retaliated against him by withdrawing an offer of a consulting position when he expressed his belief that age, sex and race had motivating his termination as Vice President.

For this reason, Defendant's stated concern that Propp's testimony will require a mini-trial on the extrinsic question of why Propp was fired is misplaced. Plaintiff has absolutely no intention of raising the question of why Propp was fired or what Propp has contended were the reasons therefor.[2]

Plaintiff intends to argue from the fact that Propp complained about Counterpart's accounting practices that those complaints were one reason (along with Cooper's situation) why Counterpart abolished its grievance procedure before firing both men. This is very different from arguing that he was fired because of those complaints.

**2. Whether Propp amended his complaint to allege a whistleblower claim will have no place in this case.**

Second, Defendant purports to fear that it will be forced to prove that Propp never actually amended his complaint to bring a whistleblower claim or wrongful discharge claim. Defendant seems to feel it will be forced to do so to prove that Propp's deposition testimony was untrue. But Propp never said at deposition that he had amended his

---

[2] Although Propp's complaint in his Superior Court lawsuit against Counterpart is listed as Exhibit 136 on Plaintiff's Exhibit List, Plaintiff has no intention of offering that exhibit into evidence or asking any questions about it unless Defendant does so.

complaint, only that he had a personal belief that he had such a claim and that his lawyer brought it up in a discussion with Counterpart's counsel. The only relevant part of his deposition reads as follows:

> "Q: Do you have a legal case now pending against Counterpart?
>
> A: Yes.
>
> Q: What are the claims you are making?
>
> A: Discrimination by gender and race, also retaliation. Once I hired a lawyer, the promises of a consulting agreement never were brought up again. And then we had added a claim of violation of the False Claim Act. I mean I'm not a lawyer but I think my claims probably should be covered under the Sarbanes-Oxley Act and the whistleblower policy. It seems to me that perhaps I knew too much about Counterpart's financial dealings. I have a master's degree in business administration and have been a CFO in the past, and when I call into question financial improprieties, perhaps their action against me was a violation of the Whistleblower Act.
>
> Q. Have you made that claim?
>
> A. Just recently, yes, in discussion with opposing counsel."

(Transcript of the deposition of Brian Propp, conducted on September 6, 2006 at 28.) This page of the deposition is not among the pages Plaintiff has designated for reading into the record in Cooper's case.

If Defendant is still concerned about this issue, Plaintiff agrees to stipulate that Propp never amended his complaint against Counterpart to allege that he was fired because of his stated concerns about abuse of USAID funds or, if Defendant prefers, that

Propp has never made a claim to allege that he was fired because of his stated concerns about the use of USAID funds.

To the extent Defendant's Reply to Plaintiff's Opposition to Defendant's Motion in Limine to Exclude Evidence and Testimony About Propp's Lawsuit is treated as an additional Motion in Limine to exclude evidence 1) that Propp complained to Counterpart management about improper use of USAID funds and 2) that shortly thereafter Counterpart rescinded its Grievance Procedure, that "motion" should be denied.

Respectfully submitted,

_____
Patricia D. Douglass
DC Bar 214916
98 Interpromontory Road
Great Falls, VA 22066
(703) 759-3586

COUNSEL FOR PLAINTIFF JAY COOPER

July 22, 2008