UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAY W. COOPER )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>COUNTERPART INTERNATIONAL )<br>)<br>Defendant. )<br>) | Civil No. 1:05-cv-01598-RMC |

**DEFENDANT'S RESPONSE TO COURT'S**
**PRETRIAL CONFERENCE REQUESTS**

Defendant Counterpart International, through counsel, hereby files this response, to requests made by the Court during the August 8, 2008 Pretrial Conference.

I. **JURY INSTRUCTIONS**

Defendant objects to the following final jury instructions prepared by the Court:

**A.**     **"Evidence- Requests for Admission"**

Defendant objects to this instruction because it is inaccurate and irrelevant in light of the Court's rulings at the pretrial conferences. Defendant's objection to Plaintiff's Exhibit 131 was sustained. Defendant requests that the Court incorporated the admissions that it is permitting Plaintiff to enter into evidence in the parties' fact stipulations, as indicated below in Section II.

**B.**     **"Express and Implied Contracts"**

Defendant objects to this instruction because there is no implied contract in this case. The only contract at issue is the December 2003 employment agreement between the parties.

1

### C. Good Faith and Fair Dealing Instructions

Defendant objects to the court's instructions: "Implied Contractual Terms- The Duty of Good Faith and Fair Dealing," "Good Faith – Defined," "Fair Dealing – Defined," and "Implied Contractual Terms- Evidence Absence of Good Faith and Fair Dealing" on the grounds stated in Defendant's original objections to these instructions.

### D. "Implied Contractual Terms – The Employee Handbook"

Defendant objects to this instruction because it is likely to confuse and mislead the jury. Defendant requests the following sentence be added to the instruction to prevent juror confusion: "In this case, the Employee Handbook is relevant only to Plaintiff's claims for unreimbursed expenses and for no other purpose."

## II. **FACT STIPULATIONS**

Defendant objects to fact stipulation No. 11, as drafted. The term "compensation" as listed in Counterpart's Form 990 is specifically defined in the filing instructions and includes other moneys in addition to Ms. Lear's salary. In addition, as indicated in Section V. below, Counterpart does not agree that Plaintiff accurately recorded and summarized the data upon which he based his calculations of the percentage of Ms. Lear's salary attributed to projects managed by Jay Cooper. For these reasons, Defendant only stipulates to No. 11 if it is revised as follows: "At the time of Jay Cooper's termination, Arlene Lear's compensation, as defined in Counterpart's IRS Form 990, was $149,001.00."

Defendant also proposes the following stipulations, to incorporate those admissions by Defendant, the Court is permitting Plaintiff to offer into evidence per its ruling on August 6, 2008. permitted to be offered into evidence by the Court at the August 6, 2008 pretrial

conference. The proposed stipulations below copy Plaintiff's proposed admissions verbatim, except where indicated in parentheses:

1. In August 2004, Don Feel held the position of Vice President of Small Business Development with Counterpart International.

2. In August 2004, Harry Dorcus held the position of Vice President and Chief Financial Officer with Counterpart.

3. In the Fall of 2004, Michael Kunz was cultivating new program opportunities in the Central Asia Region, including those in countries in which Counterpart had no existing programs.

4. Aaron Chassey was terminated from his position as Director of Counterpart's Civil Society Program in the Spring of 2003. He was not locked out of the office following that termination.

5. In the Spring of 2004, Counterpart investigated various statements critical of Cooper made by employee Kim Alter and determined that they were without merit. (*date added to original admission for purposes of context*)

6. Counterpart did not credit statements critical of Cooper made by Aaron Chassey in the Spring of 2003, and such statements by Chassey played no role in Counterpart's decision to terminate Cooper. (*date added to original admission for purposes of context*)

7. Counterpart agrees that the documents bearing Bates Stamp numbers 100-17 and 111, contained in Plaintiff's Exhibit 112 reflect reasonable expenses for an employee to return himself, his household and personal effects from Central Asia to his home of record. (*revised to accurately reflect that Counterpart admits to the reasonableness of the expenses, not that these expenses were actually incurred. Counterpart cannot admit or deny if such expenses were incurred unless and until Cooper follows proper reimbursement procedures.*)

Defendant will not stipulate to Plaintiff's proposed admission of Defendant No. 60, regarding the definition of the "Eurasia Regional" reference in Plaintiff's Exhibit 46. In the alternative, Defendant offers the following stipulation: "The reference to "Eurasia Regional" on the spreadsheet attached to Plaintiff's Exhibit 46 is to a personnel designation for Counterpart employee, Michael Kunz."

3

III. **FINAL VERDICT FORM PREPARED BY COURT**

Defendant objects to the Court's Verdict Form on the grounds it is not thorough and does not allow for an accurate understanding of the jury's reasoning for reaching its verdict and calculating damages. On this basis, Defendant requests the court instead use the verdict form submitted by Defendant with the Joint Pretrial Statement.

IV. **DEFENDANT'S RESPONSE TO PLAINTIFF'S ITEMIZATION OF DAMAGES**

In accordance with the Court's order, Defendant's Response to Plaintiff's Itemization of Damages, is included as Attachment A to this response.

V. **PLAINTIFF'S SUMMARY EXHIBITS**

Defendant agrees Plaintiff's summary exhibits 116, 117, 118, 119, 121 and 122 accurately reflect and summarize the identified data included in Exhibits 72 and 142. Defendant agrees Plaintiff's summary exhibits 134 and 135 accurately reflect and summarize the identified data included in Exhibits 57 and 58.

Defendant denies Plaintiff's summary exhibit 133 accurately reflects and summarizes the identified data included in Exhibit 55.

Respectfully submitted,

**JACKSON LEWIS LLP**

August 11, 2008                By: __/s/_____
                               Michael N. Petkovich (D.C. Bar No. 456010)
                               John M. Remy (D.C. Bar No.461244)
                               Kara M. Ariail (D.C. Bar No. 478718)
                               8614 Westwood Center Drive, Suite 950
                               Vienna, Virginia 22182
                               (703) 821-2189
                               (703) 821-2267 (fax)

                               **Attorneys for Defendant Counterpart International**