**ATTACHMENT A**
**DEFENDANT'S RESPONSE TO PLAINTIFF'S ITEMIZATION OF DAMAGES[1]**

| Proposed Element of Damages | Plaintiff's Total | Defendant's Objection | Defendant's Total |
|---|---|---|---|
| 5% increase 7/04-11/15/04 | $1827 | Guaranteed 5% increase not included in terms of contract | $0 |
| Salary 11/15/04 - 6/30/06 | $171,160.5 | Guaranteed 5% increase not included in terms of contract, salary calculations should be based on contract terms ($4055.15 semi-monthly) | $158,150.85 |
| Missing cash adv. | $404.50 | Reimbursement not provided for under terms of contract;  Cooper did not follow proper reimbursement procedures | $0 |
| Housing allowance 1/1/05 – 6/30/06 | $28,800 | Housing allowance for Counterpart employees working abroad is provided under terms of coop.  agreement to compensate employees for housing expenses incurred in addition to those incurred by employee for home of record. Once Cooper was not obligated to remain in Central Asia, it was not necessary for him to incur housing expenses in addition to expenses for his home of record. | $0 |
| Health Ins. Benefit | $7,810.14 | --- | --- |
| Relocation Benefit | $2,500 | Benefit not provided for under terms of contract. | $0 |
| Travel fm Overseas | $1,326 | Benefit not provided for under terms of contract. | $0 |
| Unreimbursed Bus. Expenses | $1,168 | Benefit not provided for under terms of contract;  Cooper did not follow proper reimbursement procedures | $0 |
| Shipping to US | $3,500 | Benefit not provided for under terms of contract. | $0 |
| R&R allowance through 6/30/06 | $7,500 | R&R allowance for Counterpart employees working abroad in dangerous countries is provided under terms of coop. agreement to assist employees in coping with stress. Once Cooper was not obligated to remain in Central Asia, it was not necessary for him to incur the stress the R&R benefit was intended to alleviate. | $0 |
| Pension contrib. | $7,501.75 | Damages for loss of pension benefits must be proven through expert. No such evidence has been presented; damages are speculative | $0 |
| 6% Interest from 11/12/04-8/12/08 | $52,325.26 | In event Plaintiff proves interest on his contract damages is necessary to make him whole, the interest should be calculated only for cash (salary) portion of award | $35,538.94 |
| MITIGATION | $58,830.50 | Additional mitigation includes two weeks after Cooper's termination when he did not look for new employment (Cooper Tr. 236:12-15) | $63,085.91 + amount = to Plaintiff's failure to mitigate damages as proven at trial |

**PLAINTIFF'S TOTAL MITIGATED DAMAGES: $138,459.02, maximum**

---

[1]     Defendant maintains that Plaintiff's total contract damages should be limited to those incurred in the thirty day notice period following his termination.