UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JAY W. COOPER,** | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 05-1598 (RMC-JMF) |
| **COUNTERPART INTERNATIONAL,** | ) |
| Defendant. | ) |

**Plaintiff's Response to Court's Pretrial conference Requests and to Defendant's Response Thereto**

Plaintiff Jay Cooper, through counsel, submits the following in response to matters raised during the Pretrial Conference in this case and in Response to matters raised by Defendant in its pleading of this evening. For the Court's convenience this submission will track the subjects raised in Defendant's submission.

1. **JURY INSTRUCTIONS.**

**Requests for Admissions**. Plaintiff disagrees with elimination of the instruction re Requests for Admission. The Court in fact allowed each of the following admissions[1]: 47, 48, 61, 66, 68, 69. In addition, the Court suggested that the parties stipulate in lieu of treating Admission 60 as an admission. The Defendant's original Response to Plaintiff's Requests for Admission (Plaintiff's Exhibit 131) was served on October 11, 2006. At that time Defendant responded to Request 60, then numbered Request No 78, as follows: "At this time Counterpart lacks sufficient information to admit or deny the allegations in

---

[1] The numbers given are from the document Defendant's Admissions for Trial, filed with the Court on [date]

Request No. 78. Counterpart is in the process of researching the information to respond to this Request and will supplement its response as soon as possible." As of the date of the Pre-trial Conference Defendant had apparently not finished researching, but agreed to consult its witnesses and draft a stipulation to avoid an admission. Defendant now refuses to agree to the Request for Admission and does not suggest any coherent limiting language.[2] Since under Rule 36, Requests for Admission not timely denied[3] are deemed admitted, Admission No 60 should be allowed as part of Plaintiff's proof.

The jury should be instructed as to the permissible use of these admissions.

**Implied Contracts**. Plaintiff urges retention of the instruction about implied contracts. The covenant of good faith and fair dealing is an implied term of the written contract in this case. The Counterpart Manual is an implied term of the written contract in this case. The second paragraph of the proposed instructions is vital to make that clear.

**Good Faith and Fair Dealing**. Plaintiff urges retention of these instructions for all the reasons previously advanced.

**Employee Handbook**. Plaintiff disagrees with the limitation Defendant seeks to place on this instruction. It is not the law. It is up to the jury to decide what parts of the Manual bind Defendant; the authorities Plaintiff has previously cited support that result. The Manual is referenced twice in the contract at issue in this case (Plaintiff's Exhibit 8), wherein Cooper is required to abide by the procedures set out in the Manual and is granted the benefits described in the Manual.

---

[2] How could Defendant credibly claim that funds from the CSSI and HNCBI projects should be spent on a "personnel designation" for an individual employee?
[3] The rule provides thirty days to admit or deny, absent agreement of the parties or court order.

**Plaintiff's Previously Requested Instructions**.  Plaintiff objects to the instructions the Court has chosen because they omit many of the instructions Plaintiff has previously requested.  Plaintiff reserves the right to once again request those instructions once the proof is in.

2. **FACT STIPULATIONS**

**Instruction 11.**  Having successfully objected to the introduction of Counterpart's Form 990 into evidence, Defendant now seeks to rely on what it claims are instructions to that form (nowhere in evidence on the exhibit) to refuse to agree to a stipulation suggested by the Court to obviate a need to use the Form 990.  This type of circular reasoning is not helpful.  If Defendant wishes to stipulate to a different number for Lear's compensation it should do so.

**Exhibit 133**.  Defendant also apparently objects to some unidentified inaccuracy in the calculations in Plaintiff's Exhibit 133.  At the Pretrial Conference the Court asked that any objections to the accuracy of Plaintiff's charts be brought forward by today so that they might be corrected.  Defendant has ignored this admonition.  Defendant should be required to spell out the basis of its objection to Plaintiff's Exhibit 133.

**Other Stipulations**.  Plaintiff offers the following additional stipulations based on the discussion at the Pretrial Conference.

1. Counterpart agrees that Jay Cooper was performing his job commendably through 2003. (In lieu of introduction of Plaintiff's sole performance review by Arlene Lear as well as several other documents positively reflecting on his work in 2003 and previously.)

2. At the time Cooper was terminated Counterpart was paying $ 811.04 per month into his pension account at TIAA Cref as part of the agreed compensation under his employment agreement. (In lieu of Plaintiff's Exhibit 140.)

3. At the time Cooper was terminated, Counterpart underpaid his final paycheck by $ 404.50. (In lieu of Plaintiff's Exhibit 141.)

4. At the time Cooper was terminated he had submitted requests for reimbursement of business expenses for MI&E and car expenses for travel in Central Asia between September 11 and October 16, 2004 totaling $ 967.50. (In lieu of Plaintiff's Exhibit 141.)

5. Following his termination, Cooper sought reimbursement for $ 200.86 related to expenses he says he incurred for another employee's travel to Bulgaria. (In lieu of Plaintiff's Exhibit 141.

6. Counterpart has paid Cooper none of the amounts set forth or referenced in paragraphs 2 through 5, above.[4]

7. Stipulation No. 7 listed in Defendant's submission.

8. Gregory Touma was involuntarily terminated by Counterpart in December of 2000 and his office door at Counterpart's Headquarters was never locked. (In lieu of designation of pages 9-16 through 9-19 of the deposition transcript of Harry Dorcus.)

---

[4] Paragraphs 2 through 6 were presented to counsel for Defendant as suggested stipulations last week. No response was received.

9. Gregory Touma's office at Counterpart's Headquarters had no lock on the door. (In lieu of designation of pages 7-4 through 10-11 of the deposition transcript of Harry Dorcus.)

3. **VERDICT FORM.**

Plaintiff objects to the Court's verdict form and requests that the version Plaintiff has previously submitted be substituted for it.

4. **ITEMIZATION OF DAMAGES**

Plaintiff submits herewith an itemization of damages in accord with the Court's rulings, but maintains its objections to so limiting allowable damages in this case.

Respectfully submitted,

/s/

_____
Patricia D. Douglass
DC Bar 214916
98 Interpromontory Road
Great Falls, VA 22066
(703) 759-3586

COUNSEL FOR PLAINTIFF JAY COOPER

August 11, 2008