## ATTACHMENT A
## DEFENDANT'S AMENDED RESPONSE TO PLAINTIFF'S ITEMIZATION OF DAMAGES[1]

| Proposed Element of Damages | Plaintiff's Total | Defendant's Objection | Defendant's Total |
|---|---|---|---|
| 5% increase 7/04-11/15/04 | $1827 | Guaranteed 5% increase not included in terms of contract | $0 |
| Salary 11/15/04 - 6/30/06 | $171,160.5 | Guaranteed 5% increase not included in terms of contract, salary calculations should be based on contract terms ($4055.15 semi-monthly) | $158,150.85 |
| Missing cash adv. | $404.50 | Reimbursement applied to offset money Cooper owed to Counterpart | $0 |
| Housing allowance 1/1/05 – 6/30/06 | $28,800 | Housing allowance for Counterpart employees working abroad is provided under terms of coop. agreement to compensate employees for housing expenses incurred in addition to those incurred by employee for home of record. Once Cooper was not obligated to remain in Central Asia, it was not necessary for him to incur housing expenses in addition to expenses for his home of record. | $0 |
| Health Ins. Benefit | $7,810.14 | --- | $7,810.14 |
| Relocation Benefit | $2,500 | --- | $2,500 |
| Travel fm Overseas | $1,326 | Benefit not provided for under contract or handbook for employee who travels more than 60 days following termination (Exhibt 7, CP0580-0581) | --- |
| Unreimbursed Bus. Expenses | $1,168 | --- | $1,168 |
| Shipping to US | $3,500 | Benefit duplicates relocation benefits claimed above and is not available to employee who does not relocate with spouse/dependents (Exhibit 7, CP0580-0581) | --- |
| R&R allowance through 6/30/06 | $7,500 | R&R allowance for Counterpart employees working abroad in dangerous countries is provided under terms of coop. agreement to assist employees in coping with stress. Once Cooper was not obligated to remain in Central Asia, it was not necessary for him to incur the stress the R&R benefit was intended to alleviate. | $0 |
| Pension contrib. | $7,501.75 | Damages for loss of pension benefits must be proven through expert. No such evidence has been presented; damages are speculative | $0 |
| 6% Interest from 11/12/04-8/12/08 | $52,325.26 | In event Plaintiff proves interest on his contract damages is necessary to make him whole, the interest should be calculated only for cash (salary & business expenses) portion of award | $35,846.74 |
| MITIGATION | $58,830.50 | Amount should include total owed by Cooper to Counterpart at the time of his termination: $3059.01 ($1863.51 for 2004 R&R taken in excess of available benefit - +$1,600 housing allowance taken in excess of available benefit - $404.50 cash advance that was not reimbursed to Cooper) | $61,889.51 + amount equal to Cooper's failure to mitigate as proven at trial |

**PLAINTIFF'S TOTAL MITIGATED DAMAGES: $143,586.22, maximum**

---

[1] Defendant maintains that Plaintiff's total contract damages should be limited to those incurred in the thirty day notice period following his termination.