**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JAY W. COOPER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-1598 (RMC) |
| ) | |
| COUNTERPART INTERNATIONAL, ) | |
| ) | |
| Defendant. ) | |

## FINAL JURY INSTRUCTIONS

Jury instructions as given by the Court in the above-captioned case.

Date: 22 August 2008

_____
ROSEMARY M. COLLYER
United States District Judge

-1-

## Function of the Court

The function of the judge is to conduct the trial of the case in an orderly, fair, and efficient manner. The judge also must rule upon questions of law arising during the trial, and must tell you the law that applied to this case. It is your duty to accept the law as I state it to you without questioning the wisdom of these instructions. In other words, even if you disagree or do not understand the reasons for any of the instructions, you are bound to follow them.

## **Function of the Jury**

Your function as jurors is to decide the facts. You are the exclusive judges of the facts. You alone determine the weight, the effect and the value of the evidence, and the believability of the witnesses.

You should decide the facts only from a fair evaluation of all the evidence, without prejudice, sympathy, fear or favor.

### Significance of Party Designations

During the course of the trial, you have heard references to the terms "plaintiff" and "defendant." To put it as simply as possible, the plaintiff is the person who starts a lawsuit and the defendant is the person who is sued by the plaintiff.

During your deliberations, however, you must not attach any significance in weighing the evidence to the terms plaintiff and defendant. In other words, the fact that the plaintiff has filed a lawsuit against the defendant does not mean that the plaintiff is entitled to your verdict or that his evidence is entitled to greater weight than the defendant's evidence. A plaintiff must prove every element of his claim against a defendant by preponderance of the evidence before he is entitled to prevail.

## Juror's Duty to Deliberate

It is your duty as jurors to consult with one another and to deliberate expecting to reach an agreement.  You must decide the case for yourself but you should do so only after thoroughly discussing it with your fellow jurors.  You should not hesitate to change an opinion when convinced that it is wrong.  You should not be influenced to vote in any way on any question just because another juror favors a particular decision or holds an opinion different from your own.  You should reach an agreement only if you can do so in good conscience.  In other words, you should not surrender your honest beliefs about the effect or weight of evidence merely to return a verdict or solely because of other jurors' opinions.

## Attitude and Conduct of Jurors

Remember that you are not advocates in this matter. You are neutral judges of the facts. The final test of the quality of your service will lie in the verdict which you return to this courtroom. You will make an important contribution to the cause of justice if you arrive at a just and proper verdict in this case. Therefore, during your deliberations in the jury room, your purpose should not be to support your own opinion but to determine the facts.

## **Instructions to be Considered as a Whole**

You must treat and consider all of these instructions as a whole. You must not single out any particular instruction or sentence while ignoring others. You must give each instruction equal importance and consider each one equally with all other instructions.

## **Court's Commenting on the Evidence**

The law permits me to comment to you about the evidence in this case. My comments are only my opinions about the facts, and you are not bound by my opinions. If, during the course of this trial, or the giving of these instructions, I have made or make any comment on any evidence, you are free to disregard the comment. Remember, you are the sole and exclusive judges of all questions of fact in this case.

## Court's Questions to Witnesses

During the course of the trial, I may have asked questions of a witness, to obtain information or to bring out facts. You should not take my questions to witnesses as any indication of my opinion about how you should determine the facts.

## **Jury Not to Take Cue From Judge**

If I have said or done anything at any time during this case, including giving these instructions, which seemed to indicate my opinion on any of these matters, then I instruct you to disregard that indication. Nothing I have said or done should influence or suggest to you that I favor any party in this case.

I have not meant to express, or to suggest, any opinion about which witnesses should be believed, or which facts are established.

## **Equality of Litigants – Individuals and Non-Profit Organizations**

Our system of justice requires that you decide the facts of this case in an impartial manner. You must not be influenced by bias, sympathy, prejudice or public opinion. It is a violation of your sworn duty to base your verdict upon anything other than the evidence in the case.

In reaching a just verdict, you must consider and decide this case as an action between persons of equal standing in the community and of equal worth. All persons, including non-profit organizations, stand equal before the law and are to be treated as equals in this court.

## **Evidence in the Case**

You may consider only the evidence properly admitted in the case. Evidence includes the sworn testimony of witnesses, exhibits admitted into evidence, deposition testimony read into the record, and facts stipulated and agreed to by counsel. You may consider any facts to which all counsel have agreed or stipulated to be undisputed evidence.

**Evidence in the Case – Judicial Notice**

Another type of evidence includes facts of which I take judicial notice. I may take judicial notice of public acts, places, facts and events which I regard as matters of common knowledge. When I take judicial notice of a particular fact, you may regard that fact as included in the evidence and proven.

## Evidence in the Case – Judicial Notice

Another type of evidence includes facts of which I take judicial notice. I may take judicial notice of public acts, places, facts and events which I regard as matters of common knowledge. When I take judicial notice of a particular fact, you may regard that fact as included in the evidence and proven.

## **Inferences**

In arriving at your verdict, you are to consider only the evidence in the case. When you are considering the evidence, however, you are not limited solely to the statements of the witnesses. You are permitted to draw from the evidence any inferences or conclusions that reasons and common sense lead you to make.

**Evidence – Answers to Interrogatories**

Plaintiff has introduced into evidence certain interrogatories – that is, questions together with answers signed and sworn to by the Defendant.  You are not required to consider a party's answers to interrogatories as true, or required to give them any more weight than any other evidence.

By introducing an opposing party's answers to interrogatories, that party – here the Plaintiff – does not bind itself to those answers.  The introducing party may challenge the opposing party's answers in whole or in part or may offer contrary evidence.

## **Inadmissible and Stricken Evidence**

It is the duty of the lawyers to object when the other side offers testimony or other materials that a lawyer believes are not properly admissible in evidence.

If, during the course of the trial, I sustained an objection by one lawyer to a question asked by the other lawyer, you are to disregard the question and you must not guess about what the answer would have been. If a question was asked and the witness answered it, and I ruled that you should not consider the answer, then you must disregard both the question and the answer in your deliberations just as if the question and answer had never been spoken.

Likewise, if I sustained an objection to any exhibits or ordered them stricken, then those stricken exhibits are not evidence and you must not consider them.

**Statements of Counsel**

Statements and arguments of the lawyers, such as their opening statements and closing arguments, are not evidence.  They are intended only to help you understand and interpret the evidence from each party's perspective.

The questions that the lawyers ask are not evidence.  A lawyer's question that contains an assertion of a fact does not provide evidence of that fact.

### **Jury's Recollection Controls**

During this case, I or the lawyers may have called your attention to certain evidence.  If you remember that evidence differently from the way I or the lawyers stated it, then you should disregard our characterization of the evidence and rely upon your own memory.

## **Burden of Proof**

The party who makes a claim has the burden of proving it. This burden of proof means that the plaintiff must prove every element of his claim by a preponderance of the evidence. To establish a fact by preponderance of the evidence is to prove that it is more likely so than not so. In other words, a preponderance of the evidence means that the evidence produces in your mind the belief that the thing in question is more likely true than not true.

If, after considering all of the evidence, the evidence favoring the plaintiff's side of an issue is more convincing to you, and causes you to believe that the probability of truth favors the plaintiff on that issue, then the plaintiff will have succeeded in carrying the burden of proof on that issue.

The term "preponderance of the evidence" does not mean that the proof must produce absolute or mathematical certainty. For example, it does not mean proof beyond a reasonable doubt as is required in criminal cases.

Whether there is a preponderance of the evidence depends on the quality and not the quantity, of evidence. In other words, merely having a greater number of witnesses or documents bearing on a certain version of the facts does not necessarily constitute a preponderance of the evidence.

If you believe that the evidence is evenly balanced, on an issue the plaintiff had to prove, then the plaintiff has not carried the burden of proof and your finding on that issue must be for the defendant.

In this case, the defendant has asserted affirmative defenses that defendant must prove by a preponderance of the evidence. When I discuss each of these defenses, I will instruct you on the defendant's burden of proof.

-20-

**<u>Evidence Produced by Adversary</u>**

In determining whether any fact has been proved by a preponderance of the evidence, you should consider all the evidence bearing upon that fact, regardless of who produced it. A party is entitled to benefit from all evidence that favors him or it whether the party produced it or his or its adversary produced it.

## Direct and Circumstantial Evidence

There are two types of evidence: direct and circumstantial. Direct evidence is the direct proof of a fact, such as the testimony of an eyewitness. Circumstantial evidence is indirect evidence of a fact which is established or logically inferred from a chain of other facts or circumstances. For example, direct evidence of whether an animal was running in the snow might be the testimony of a person who actually saw the animal in the snow. Circumstantial evidence might be the testimony of a person who saw the tracks of the animal in the snow, rather than the animal itself.

You may consider both types of evidence equally. The law makes no distinction between the weight to given either direct or circumstantial evidence. The law does not require a greater degree of certainty for circumstantial evidence than of direct evidence. You should weigh all the evidence in the case, both direct and circumstantial, and find the facts in accordance with evidence.

## Jury to Determine Credibility of Witness

In evaluating the evidence and deciding what the facts are, you must consider and weigh the testimony of all the witnesses who have appeared before you. You are the sole judges of the credibility of the witnesses. In other words, you alone are to determine whether to believe any witness and to what extent any witness should be believed. If there is any conflict in the testimony between a witness's testimony and other evidence, it is your function to resolve the conflict and to determine where the truth lies.

In deciding the credibility of any witness, you may consider any matter that may have a bearing on the subject. You may consider the appearance and the behavior of the witness on the witness stand; whether the witness impresses you as a truthful individual; whether the witness impresses you as having an accurate memory and recollection; whether the witness has any motive for not telling the truth; whether the witness had full opportunity to observe the matters about which he or she has testified; whether the witness has any interest in the outcome of this case; or whether the witness has any friendship or animosity toward other persons in this case.

You may consider the reasonableness or unreasonableness, and the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate. You may consider whether the witness has been contradicted or corroborated by other credible evidence.

If you believe that any witness has shown himself to be biased or prejudiced, either for or against either side in this trial, you may consider and decide whether that bias or prejudice has colored the testimony of the witness so as to affect the witness's desire and capability to tell the truth.

You should give the testimony of each witness as much weight as in your judgment it is fairly entitled to receive.

## **Number of Witnesses**

The relative weight of the evidence on a particular issue is not determined by the number of witnesses testifying for either side.  You should consider all the facts and circumstances in evidence to determine which of the witnesses are worthy of greater belief.  You may find that the testimony of a smaller number of witnesses on one side is more believable than the testimony of a greater number of witnesses on the other side.  Indeed, the testimony of a single witness, which you believe to be the truth, is enough to prove any fact.

If, after considering all the evidence in the case, you hold a greater belief in the accuracy and reliability of one or a few witnesses' testimony, then you may base your verdict on that testimony, even though a larger number of witnesses may have testified to the contrary.

**<u>Depositions as Evidence</u>**

During the trial of this case, certain testimony has been read to you.  You should give to this testimony the same consideration as to its weight and credibility as you give to the testimony of witnesses who testified here in court.  You must not discount any testimony merely because it was read to you.

## Impeachment by Prior Inconsistent Statements

The testimony of a witness may be discredited or impeached by showing that he or she has previously made statements which are inconsistent with his or her present courtroom testimony. It is for you to decide whether a witness made a statement on an earlier occasion and whether it was in fact inconsistent with the witness's testimony in court here.

If a witness at trial has been confronted with a prior statement which that witness made, and that prior statement is inconsistent with his or her testimony here in court, then you may consider the prior statement when you assess the truthfulness of the testimony he or she gave in court.

If the witness made a prior inconsistent statement under oath subject to the penalty of perjury or at a deposition, then you may also treat that prior statement as evidence in this case—that is, you may treat what the witness said in that prior statement as evidence like any other evidence in this case.

If the witness was not under oath subject to the penalty of perjury or was not at a deposition when he or she made the statement, then you may not treat the prior statement as evidence of the facts in the statement. You may consider the statement only to evaluate the witness's credibility, that is, you may use the prior statement only to determine whether to believe the witness's present testimony in court.

If you believe that any witness has been discredited or impeached, then you should give his or her testimony the weight, if any, that you judge it is fairly entitled to receive.

## **Charts and Summaries**

The lawyers or witnesses have shown you various charts and summaries to help explain the facts. The facts in these charts and summaries come from books, records, and other documents which are in evidence in the case. The charts or summaries themselves, however, are not evidence or proof of any facts. If any chart or summary does not correctly reflect facts or figures shown by the evidence in the case, then you should disregard that chart or summary.

In other words, the charts or summaries are used only as a convenience; you should disregard entirely any chart or summary that does not state the truth based on the evidence.

## **Consideration of the Evidence – Non-Profit Organization Party's Agents and Employees**

A non-profit organization may act only through natural persons as its agents or employees. In general, any agents or employees of a non-profit organization may bind the organization by their acts and declarations made while acting within the scope of their authority delegated to them by the organization or within the scope of their duties as employees of the organization.

## **Contract Defined**

A contract is an agreement between two or more parties to do or not to do something.

## **Breach of Contract - Defined**

Under the law, if one party, without legal excuse, fails to fully perform a duty owed under a contract, then that party has breached the contract.

## Express and Implied Terms

An express contract may include terms that are implied. Thus, the relationship between contracting parties may be defined by both the terms of the express contract and the terms of the implied contract.

## Implied Contractual Terms – The Duty of Good Faith and Fair Dealing

If you find that a contract existed between Jay Cooper and Counterpart International, you should next consider the terms of the contract.

One matter to consider is whether the contract contained implied terms and obligations not expressly set out.

One example of such an implied term is the duty of good faith and fair dealing, sometimes referred to as the implied covenant of good faith and fair dealing.

Every contract, including every contract that governs an employer-employee relationship, imposes upon each party a duty of good faith and fair dealing in its enforcement and in its performance.

## **Good Faith – Defined**

Good faith performance or enforcement of a contract emphasizes faithfulness to an agreed common purpose and consistency with the justified expectations of the other party; it excludes a variety of types of conduct characterized as involving "bad faith" because they violate community standards of decency, fairness or reasonableness.

## **Fair Dealing – Defined**

"Fair dealing" involves reasonable rather than arbitrary or capricious action.

## **Implied Contractual Terms – Absence of Good Faith and Fair Dealing**

You may find a failure to observe the implied duty of good faith and fair dealing if you find, for example, evidence of subterfuge and evasion, interference with or failure to cooperate with the other party's performance, bad faith assertion of defenses to contract claims, falsification of facts, or abuse of power to terminate a contract.

## **Implied Contractual Terms – The Employee Handbook**

Contractual obligations and rights may be implied from an employee handbook or manual. It is up to you to decide, from all the evidence before you, whether the parties to this case intended that Counterpart International's Manual for Employees in Foreign Areas, Plaintiff's Exhibit 7, was intended to bestow rights and obligations on Counterpart and on its employees. Although an employer may provide language disclaiming any implied contractual rights arising from an employee handbook, such a disclaimer is one piece of evidence and does not, by itself, answer the question of the intent of the parties concerning whether the handbook creates contractual obligations, which is for you to decide.

**<u>False Light Invasion of Privacy - Elements</u>**

To prevail on his false light invasion of privacy claim, Mr. Cooper must prove:

1)   Counterpart communicated to the public statement, written, oral, or otherwise, about Mr. Cooper;

2)   Counterpart's public communication was knowingly false or made with reckless disregard by Counterpart as to whether the communication was true or false; and

3)   Counterpart's public communication would be highly offensive to a reasonable person.

## False Light Invasion of Privacy - Publicity

Mr. Cooper must prove Counterpart communicated a statement or message to the public at large or to so many people that the matter must be regarded as substantially certain to become one of public knowledge.  Communications made to a single person or a small group of persons do not constitute a public communication.

For each communication Mr. Cooper relies on for his false light invasion of privacy claim, you must assess if the communication was made by Counterpart to the public at large or to such a large group of people, the matter was substantially certain to become public knowledge.  If you find the communication was made by Counterpart only to a single person or a small group of people, you must find for Counterpart even if you believe Mr. Cooper has proven the other elements of his false light invasion of privacy claim.

**"Recklessly" or "Reckless Disregard" -- Defined**

"Recklessly" means wantonly, or with disregard to consequences.  Reckless disregard is said to exist when there is a high degree of awareness of probable falseness of a statement, or there are serious doubts as to its truth.  If a person makes a representation without knowing whether it is true or not, or makes it without regard to its truth or falsity or to its possible consequences, he may be found to have made the representation recklessly.

**False Light Invasion of Privacy – Highly Offensive to Reasonable Person**

Mr. Cooper must also prove Counterpart communicated false statements about him that were highly offensive to an ordinary reasonable person. To be considered highly offensive, Counterpart must have publicized a statement or message about him that would justify a reasonable person feeling seriously aggrieved by the publicity.

Even if you believe Mr. Cooper was offended by a particular communication, or even if you personally believe the communication was rude or unpleasant, you cannot find in favor of Mr. Cooper if he does not prove Counterpart publicized a statement or message about him that would be highly offensive to an ordinary reasonable person.

## Compensatory Damages – False Light

If you find that the defendant held the plaintiff up to a false light, then you must determine from the preponderance of the evidence what amounts, if any, to award to plaintiff as compensatory damages so as to fairly and adequately compensate him for actual injury caused by defendant.

The tort of invasion of privacy by false light permits recovery of damages for mental distress from having been exposed to public view in a false way, as long as such distress is reasonable in its extent and proximately cause by defendant's actions. Such harm need not be based on pecuniary loss, and mental distress may be shown simply by the plaintiff's testimony.

To determine the amount of your verdict you must be guided solely by the evidence before you.

## Extent of Damages – Proximate Cause

The plaintiff is entitled to damages that the defendant's wrongful conduct proximately caused. The defendant is liable only for the damages that his or her conduct caused. If you find that defendant's conduct caused only part of the plaintiff's damages, then the defendant is liable only for that part.

## ELECTION OF FOREPERSON

When you return to the jury room, you should first select one of your members to be the foreperson. The foreperson should preside over your deliberations and will be your spokesperson here in court.

## UNANIMITY

The verdict must represent the considered judgment of each juror. In order to return a verdict, each juror must agree to the verdict. Your verdict must be unanimous.

## COMMUNICATIONS BETWEEN COURT AND JURY
## DURING JURY'S DELIBERATIONS

If it becomes necessary during your deliberations to communicate with me, you may send a note by the clerk or marshal, signed by your foreperson or by one or more members of the jury. No member of the jury should try to communicate with me by any means other than a signed note and I will never communicate with any member of the jury on any matter touching the merits of this case, except in writing or orally here in open court.

Bear in mind also that you are never, under any circumstances, to reveal to any person -- not the clerk, the marshal or me -- how the jury stands. This means, for example, that you never should state to the court that the jury is divided 6 to 2, 7 to 1, or in any other fashion, whether for the Plaintiff or the Defendant.

-45-

## FURNISHING THE JURY WITH A COPY OF
## THE INSTRUCTIONS

I will provide you with a copy of my instructions. During your deliberations, you may, if you want, refer to these instructions. While you may refer to any particular portion of the instructions, you are to consider the instructions as a whole and you may not follow some and ignore others. The fact that you have been provided a copy of my instructions should not discourage you from making an inquiry regarding the meaning of these instructions if necessary. Please return the instructions to me when your verdict is rendered.

## FINAL INSTRUCTION ON NOTETAKING

During the trial, I have permitted those jurors who wanted to do so to take notes.  You may take your notes with you to the jury room and use them during your deliberations if you wish.  As I told you at the beginning of the trial, your notes are only to be an aid to your memory and they should not replace your memory.  Those jurors who have not taken notes should rely on their own memory of the evidence and should not be influenced by another juror's notes if the notes do not coincide with their memory.  The notes are intended to be for the notetaker's own personal use.

At the end of your deliberations, please tear out from your notebooks any notes you have made and give them to your foreperson.  The clerk will collect your notebooks and pencils when you return to the courtroom, and I will ask the foreperson to give the clerk your notes when your verdict is announced.  The clerk will give the notes to me and I will destroy your notes immediately after the trial.  No one, including myself, will look at them.